## CARYN RICKEL *v.* MICHAEL KOMAROMI ET AL.
### (AC 35062)

Gruendel, Bear and Lavery, Js.

Argued May 22—officially released August 13, 2013

*Keith R. Ainsworth*, for the appellant (plaintiff).

*W. Glen Pierson*, for the appellees (named defendant et al.).

*Opinion*

BEAR, J. The plaintiff, Caryn Rickel, appeals from the summary judgment rendered by the trial court in favor of the defendants Michael Komaromi and Roberta Komaromi with respect to the counts of her complaint sounding in nuisance and trespass.[1] On appeal, the

---

[1] In addition to Michael Komaromi and Roberta Komaromi (Komaromis), the plaintiff initially filed her action against William Price and Laura Price (Prices). She alleged in her complaint that the Prices reside at 8 Sunset Terrace in Seymour, which is adjacent to both the Komaromis' property and her rental property at 11 Edgehill Terrace, and that bamboo growth on their property, which had originated on the Komaromis' property, had encroached upon her rental property by June, 2010, constituting a trespass. The Prices were not parties to the Komaromis' motion for summary judgment, however, and the plaintiff withdrew her claims against them on Janu-

plaintiff claims that the court erred in rendering summary judgment because (1) it did not address the plaintiff's allegations and arguments in opposition to the defendants' motion for summary judgment that the repeated bamboo encroachment from the defendants' property to her property constituted a continuing nuisance and a continuing trespass, and (2) it did not address the factual question of whether the nuisance and trespass were continuing or permanent. We reverse the judgment of the trial court.

The record reveals the following undisputed facts and procedural history. The plaintiff resides at 13 Edgehill Terrace in Seymour. The defendants reside at 10 Sunset Terrace in Seymour, which is adjacent to the plaintiff's property. On or about July 1, 1997, the defendants planted phyllostachys aureosulcata, a type of invasive running bamboo, along their corner property line, but they did not put up any barrier to contain it. The bamboo encroached upon the plaintiff's property. In 2005, during the installation of a patio at the corner of the plaintiff's property, a landscaper used a backhoe and dump truck in order to eradicate the bamboo from the area. The landscaper also installed steel sheathing along this corner property line in order to protect the patio. Despite the steel sheathing, the bamboo had reentered the area by July, 2010.[2]

The plaintiff commenced her action against the defendants by service of process on November 5, 2010. She brought claims of nuisance, trespass and negligence against them. In addition to the aforementioned undisputed facts, the plaintiff also alleged in her complaint that the bamboo further and repeatedly encroached on her property at all relevant times, and it presently

ary 29, 2013. Accordingly, the Prices are not parties to this appeal. We therefore refer in this opinion to the Komaromis as the defendants.

[2] We note that our legislature recently has attempted to address the issue of invasive bamboo in No. 13-82, § 1, of the 2013 Public Acts.

continues to do so. The defendants filed their answer on August 4, 2011, in which they raised a statute of limitations special defense on all of the claims against them.

On June 28, 2012, the defendants moved for summary judgment on the ground that the applicable statutes of limitations had run on the three claims against them. They submitted no documentary proof in support of their motion; they cited only to the complaint for the facts on which they relied to argue their entitlement to a judgment as a matter of law. The court granted the defendants' motion on August 16, 2012. In its memorandum of decision, the court concluded that the applicable statutes of limitations had provided the plaintiff with a maximum of three years from "the date of the act or omission complained of" to commence her action against the defendants. The court noted that there was no dispute that the defendants planted the bamboo in 1997 or that the plaintiff "discovered the actionable harm in 2005 . . . ." Nonetheless, because the plaintiff did not commence her action against the defendants until 2010, the court held that each count of the action was time barred as a matter of law. This appeal followed. The plaintiff appeals only from the court's judgment with respect to her nuisance and trespass claims.

On appeal, the plaintiff claims that (1) the court erred in rendering summary judgment on her nuisance and trespass counts because she raised a genuine issue of material fact by alleging in her complaint and arguing in her opposition to summary judgment that the repeated encroachment of the defendants' bamboo upon her property created a continuing nuisance and a continuing trespass; and (2) the court committed error by failing to acknowledge, let alone address, her continuing nuisance and continuing trespass allegations and arguments, and the factual question of whether a nuisance or trespass is continuing or permanent requires the

denial of a motion for summary judgment made solely on statute of limitations grounds. She claims that this is because, for statute of limitations purposes, each instance of nuisance or trespass in a continuing nuisance or trespass creates a new cause of action, whereas a permanent nuisance or trespass involves a discrete occurrence of nuisance or trespass from which the applicable statute of limitations begins to run. The existence of this genuine issue of material fact, she contends, should have precluded the court from concluding that the defendants were entitled to a judgment as a matter of law. We agree.

We begin our analysis with the well settled standard of review applied to a court's decision to grant a motion for summary judgment. "Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Boone* v. *William W. Backus Hospital*, 272 Conn. 551, 559, 864 A.2d 1 (2005). "In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of law, entitle him to a judgment as a matter of law. The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent. . . . When documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue.

. . . Once the moving party has met its burden, however, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough . . . for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § [17-45]." (Internal quotation marks omitted.) *Ramirez* v. *Health Net of the Northeast, Inc.*, 285 Conn. 1, 10–11, 938 A.2d 576 (2008).

"An important exception exists, however, to the general rule that a party opposing summary judgment must provide evidentiary support for its opposition, and that exception has been articulated in our jurisprudence with less frequency than has the general rule. On a motion by the defendant for summary judgment the burden is on [the] defendant to negate each claim *as framed by the complaint.* . . . It necessarily follows that it is only [o]nce [the] defendant's burden in establishing his entitlement to summary judgment is met [that] the burden shifts to [the] plaintiff to show that a genuine issue of fact exists justifying a trial." (Emphasis added; internal quotation marks omitted.) *Baldwin* v. *Curtis*, 105 Conn. App. 844, 850–51, 939 A.2d 1249 (2008).

The plaintiff's complaint contains several allegations that the defendants' bamboo repeatedly has encroached on her property, resulting in a continuing nuisance and a continuing trespass. For example, in her nuisance count, the plaintiff alleged in relevant part that the defendants "have planted this nonnative invasive [bamboo] with no containment of any kind. They have continued to cultivate it and freely allow it to aggressively spread to . . . adjacent properties . . . . This has been continual nuisance to my use and enjoyment of my land." The plaintiff similarly alleged in her trespass

count that the defendants "have allowed this nonnative invasive [bamboo] to aggressively spread from their original planting which was directly on my property line to all three of the properties mentioned [previously]. The infestation . . . is massive . . . [and has] continuously been aggressively invading my land." The plaintiff's continuing nuisance and continuing trespass allegations therefore factor into the question of whether the court correctly concluded that the defendants met their summary judgment burden with respect to the plaintiff's nuisance and trespass claims, as framed by her complaint. We note that the defendants did not address the plaintiff's continuing nuisance and continuing trespass allegations at any point in moving for summary judgment.

We now direct our attention to the plaintiffs' claims on appeal. We start with her claim that the factual question of whether a nuisance or trespass is continuing or permanent requires the denial of a motion for summary judgment made solely on statute of limitations grounds. Our resolution of this claim will bear upon our resolution of the plaintiff's other claim, that the court erred in rendering summary judgment without addressing her continuing nuisance and continuing trespass allegations.

"[R]ecent case law treats trespass cases as involving acts that interfere with a plaintiff's exclusive possession of real property and nuisance cases as involving acts interfering with a plaintiff's use and enjoyment of real property." *Boyne* v. *Glastonbury*, 110 Conn. App. 591, 599–600, 955 A.2d 645, cert. denied, 289 Conn. 947, 959 A.2d 1011 (2008). "[T]he essentials of an action for trespass are: (1) ownership or possessory interest in land by the plaintiff; (2) invasion, intrusion or entry by the defendant affecting the plaintiff's exclusive possessory interest; (3) done intentionally; and (4) causing direct injury. . . . The invasion, intrusion or entry

must be physical. . . . [B]ecause it is the right of the owner in possession to exclusive possession that is protected by an action for trespass, it is generally held that the intrusion of the property be physical and accomplished by a tangible matter. Thus, in order to be liable for trespass, one must intentionally cause some substance or thing to enter upon another's land." (Citations omitted; internal quotation marks omitted.) *Bristol* v. *Tilcon Minerals, Inc.*, 284 Conn. 55, 87–88, 931 A.2d 237 (2007). "A temporary injury [in the trespass context] is one which may be abated or discontinued at any time . . . . When injury to property resulting from a trespass is remedial by restoration or repair, it is considered to be temporary . . . ." (Citations omitted; internal quotation marks omitted.) Id., 90.

The applicable statute of limitations for trespass actions is General Statutes § 52-577, which provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." See *Caciopoli* v. *Lebowitz*, 131 Conn. App. 306, 315, 26 A.3d 136 (2011). "When conducting an analysis under § 52-577, the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action was filed." (Internal quotation marks omitted.) *Valentine* v. *LaBow*, 95 Conn. App. 436, 446–47, 897 A.2d 624, cert. denied, 280 Conn. 933, 909 A.2d 963 (2006).

A "private nuisance," in contrast to a trespass, "is a nontrespassory invasion of another's interest in the private use and enjoyment of land. . . . The law of private nuisance springs from the general principle that [i]t is the duty of every person to make a reasonable use of his own property so as to occasion no unnecessary damage or annoyance to his neighbor. . . . The essence of a private nuisance is an interference with the use and enjoyment of land." (Citations omitted;

internal quotation marks omitted.) *Pestey* v. *Cushman*, 259 Conn. 345, 352, 788 A.2d 496 (2002). "[I]n order to recover damages in a common-law private nuisance cause of action, a plaintiff must show that the defendant's conduct was the proximate cause of an unreasonable interference with the plaintiff's use and enjoyment of his or her property. The interference may be either intentional . . . or the result of the defendant's negligence." (Citation omitted.) Id., 361; accord *Ugrin* v. *Cheshire*, 307 Conn. 364, 376–77, 54 A.3d 532 (2012).

"A permanent nuisance has been said to be one which inflicts a permanent injury upon real estate . . . ." *Filisko* v. *Bridgeport Hydraulic Co.*, 176 Conn. 33, 40, 404 A.2d 889 (1978). "A temporary nuisance is one where there is but temporary interference with the use and enjoyment of property . . . ." Id. "Whether a nuisance is temporary or permanent is ordinarily a question of fact." Id.[3]

---

[3] In characterizing both her nuisance and trespass claims, the plaintiff treats "temporary" as synonymous with "continuing." Black's Law Dictionary has distinct definitions for continuing and temporary nuisances and trespasses. It defines a continuing nuisance as "[a] nuisance that is either uninterrupted or frequently recurring" and a temporary nuisance as "[a] nuisance that can be corrected by a reasonable expenditure of money or labor." Black's Law Dictionary (9th Ed. 2009). It further defines a continuing trespass as "[a] trespass in the nature of a permanent invasion on another's rights." Id. Nonetheless, our trial courts, courts in other jurisdictions and secondary sources that have addressed the issues before us have also treated "temporary" as synonymous with "continuing." See, e.g., *United States* v. *Hess*, 194 F.3d 1164, 1176 n.12 (10th Cir. 1999) ("[t]he crucial question in regard to the applicability of the statute of limitations for trespass is whether the injuries sustained are permanent [fixed] or continuing [sometimes referred to as 'temporary']"); *Maderia* v. *Northeast Utilities Service Co.*, Superior Court, judicial district of Middlesex, Complex Litigation Docket, Docket No. X04-CV-00-0103499-S (November 17, 2004) (38 Conn. L. Rptr. 286); *Healy-Ford Lincoln Mercury* v. *USI, Inc.*, Superior Court, judicial district of New Haven, Docket No. CV-97-0402651-S (August 5, 2002); *Stickdorn* v. *Zook*, 957 N.E.2d 1014, 1022 (Ind. App. 2011) ("[t]he distinction between an injury caused by a nuisance that is 'permanent' or 'original,' and one that is considered temporary, transient, continuing, or recurring, is critical to determining when the statute of limitations period for a nuisance action begins to run"); 58 Am. Jur. 2d 586, Nuisances § 21 (2012).

The applicable statute of limitations for a nuisance claim based on alleged negligent conduct is General Statutes § 52-584; *Sinotte* v. *Waterbury*, 121 Conn. App. 420, 430, 995 A.2d 131, cert. denied, 297 Conn. 921, 996 A.2d 1192 (2010); which provides in relevant part: "No action to recover damages for injury to . . . real . . . property, caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ." "In the context of applying § 52-584 to decide whether a particular action was commenced in a timely fashion, we have stated that an injury occurs when a party suffers some form of actionable harm." (Internal quotation marks omitted.) *Lindsay* v. *Pierre*, 90 Conn. App. 696, 700, 879 A.2d 482 (2005).

Nuisance and negligence may share the same statute of limitations, depending on the factual basis for the nuisance claim, but otherwise they "are terms that describe completely distinct concepts, which constitute distinct torts, different in their nature and in their consequences. . . . A claim for nuisance is more than a claim of negligence, and negligent acts do not, in themselves, constitute a nuisance; rather, negligence is merely one type of conduct upon which liability for nuisance may be based." (Footnote omitted.) 57A Am. Jur. 2d 85, Negligence § 15 (2012). Furthermore, "[n]uisance is a word often very loosely used; it has been not inaptly described as a catch-all of ill-defined rights. . . . There is perhaps no more impenetrable jungle in the entire law than that which surrounds the word nuisance. . . . There is general agreement that it is incapable of any exact or comprehensive definition." (Citation omitted; internal quotation marks omitted.) *Heritage Village*

*Master Assn., Inc.* v. *Heritage Village Water Co.*, 30 Conn. App. 693, 708, 622 A.2d 578 (1993).

In applying these principles to the plaintiff's claims, we note that "[s]ummary judgment may be granted where the claim is barred by the statute of limitations . . . as long as there are no material facts concerning the statute of limitations in dispute." (Citation omitted.) *Haggerty* v. *Williams*, 84 Conn. App. 675, 678–79, 855 A.2d 264 (2004).[4] We therefore consider whether there were any material facts in dispute concerning the applicability of §§ 52-577 and 52-584 to the plaintiff's nuisance and trespass claims when the court rendered summary judgment.

---

[4] One of the defendants' arguments for affirming the court's judgment is that the continuing course of conduct doctrine is not applicable in the present action. A tort statute of limitations "may be tolled under the . . . continuing course of conduct doctrine . . . ." (Internal quotation marks omitted.) *Neuhaus* v. *DeCholnoky*, 280 Conn. 190, 201, 905 A.2d 1135 (2006). In order for the doctrine to apply, "there must be evidence of the breach of a duty that remained in existence after the commission of the original wrong related thereto." (Internal quotation marks omitted.) Id. We have held, however, that "the continuing course of conduct doctrine has no application after the plaintiff has discovered the harm." (Internal quotation marks omitted.) *Mollica* v. *Toohey*, 134 Conn. App. 607, 613, 39 A.3d 1202 (2012). "[A]fter the discovery of actionable harm, the policy behind [the continuing course of conduct doctrine] is no longer served." (Internal quotation marks omitted.) Id., 614. *Mollica* was a negligent maintenance and ownership action for injuries suffered from toxic mold on the leased premises that the plaintiff tenants commenced against the defendant landlord in 2005. Id., 608–609. The trial court held that the action was untimely under § 52-584, and this court affirmed the judgment. Id., 610, 612. We concluded that the continuing course of conduct doctrine was unavailable to toll the statute of limitations, because there was no dispute that the plaintiffs "became aware of their injuries from the mold in 2001"; id., 614; and the statute of limitations therefore ran in 2003. Id. Similarly, in the present action, there is no dispute that the plaintiff had become aware of the harm caused to her property by 2005. The continuing course of conduct doctrine is therefore unavailable to toll the applicable statutes of limitations; the plaintiff concedes this point. We do not conclude, however, that the applicable statutes of limitations have otherwise run on the plaintiff's nuisance and trespass claims. The court in *Mollica* came to its conclusion based on the facts before it and the plaintiff's one claim sounding in negligence. The facts presently before us are distinguishable from those in *Mollica*, and the claims at issue sound in nuisance and trespass, not negligence.

The plaintiff argues that the "date of the act or omission complained of" and "the date when the injury [was] first sustained or discovered" depend on whether the alleged nuisance and trespass are characterized as continuing or permanent. Again, she argues that this is because, for statute of limitations purposes, each instance of nuisance or trespass in a continuing nuisance or trespass situation creates a new cause of action, whereas a permanent nuisance or trespass situation involves a discrete occurrence of nuisance or trespass from which the applicable statute of limitations begins to run.

Whether the applicable statute of limitations runs differently for a continuing nuisance or trespass than it does for a permanent nuisance or trespass seems to be an issue of first impression for our appellate courts. The plaintiff cites only to trial court decisions in support of her position, all of which cite to each other and ultimately to other jurisdictions' decisions and secondary sources for support. See, e.g., *Liss* v. *Milford Partners, Inc.*, Superior Court, judicial district of Hartford, Complex Litigation Docket, Docket No. X07-CV-04-4025123-S (February 20, 2008) (45 Conn. L. Rptr. 89); *Benson* v. *Redding*, Superior Court, judicial district of Danbury, Docket No. CV-02-0344668-S (February 4, 2003); *Healy-Ford Lincoln Mercury* v. *USI, Inc.*, Superior Court, judicial district of New Haven, Docket No. CV-97-0402651-S (August 5, 2002); *Blackburn* v. *Miller-Stephenson Chemical Co.*, Superior Court, judicial district of Danbury, Docket No. CV-93-0314089 (September 11, 1998); *Piccolo* v. *Connecticut Light & Power Co.*, Superior Court, judicial district of New Haven, Docket No. CV-95-0371992-S (November 5, 1996); *Prescott* v. *Northeast Utilities*, Superior Court, judicial district of Fairfield, Docket No. CV-94-0315423-S (December 18, 1995) (15 Conn. L. Rptr. 489).

Indeed, our research indicates that this issue has not come before this court or our Supreme Court for resolution on appeal. See *Corcoran* v. *Milford*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV-08-5017014 (July 8, 2008) (45 Conn. L. Rptr. 850, 851) ("[t]here is a split in the Superior Court, and no appellate authority, on whether the distinction between temporary and permanent nuisance is relevant to the statute of limitations period" [internal quotation marks omitted]). "In the absence of state decisional guidance, we look to the reasoning of other jurisdictions that have confronted analogous circumstances." *Connecticut Carpenters Benefit Funds* v. *Burkhard Hotel Partners II, LLC*, 83 Conn. App. 352, 357, 849 A.2d 922 (2004). Our review of such reasoning establishes that the distinction between temporary and permanent nuisances and trespasses for statute of limitations purposes has been broadly and readily adopted.

"The nature of a nuisance as permanent or temporary has an important bearing on the running of the statute of limitations. . . . For limitations purposes, a permanent nuisance claim accrues when injury first occurs or is discovered while a temporary nuisance claim accrues anew upon each injury." (Footnote omitted.) 58 Am. Jur. 2d 764, Nuisances § 254 (2012). Likewise, "[i]n the case of a continuing trespass, the statute of limitations does not begin to run from the date of the original wrong but rather gives rise to successive causes of action each time there is an interference with a person's property. . . . Thus, if there are multiple acts of trespass, then there are multiple causes of action, and the statute of limitations begins to run anew with each act. . . . On the other hand, if a trespass is characterized as permanent, the statute of limitations begins to run from the time the trespass is created, and the trespass may not be challenged once the limitation period has run." (Footnotes omitted.) 54 C.J.S. 280–81, Limitations

of Actions § 239 (2010); accord 75 Am. Jur. 2d 168, Trespass § 175 (2012).

"Generally, whether a nuisance is deemed to be continuing or permanent in nature determines the manner in which the statute of limitations will be applied. . . . If a nuisance is not abatable, it is considered permanent, and a plaintiff is allowed only one cause of action to recover damages for past and future harm. The statute of limitations begins to run against such a claim upon the creation of the nuisance once some portion of the harm becomes observable. See . . . Restatement (Second) of Torts § 899, [comment] d. A nuisance is deemed not abatable, even if possible to abate, if it is one whose character is such that, from its nature and under the circumstances of its existence, it presumably will continue indefinitely. . . . However, a nuisance is not considered permanent if it is one which can and should be abated. . . . In this situation, every continuance of the nuisance is a fresh nuisance for which a fresh action will lie, and the statute of limitation will begin to run at the time of each continuance of the harm." (Citations omitted; internal quotation marks omitted.) *Oglethorpe Power Corp.* v. *Forrister*, 289 Ga. 331, 333, 711 S.E.2d 641 (2011); accord, e.g., *Burley* v. *Burlington Northern & Santa Fe Railway Co.*, 364 Mont. 77, 82–83, 273 P.3d 825 (2012); *Russo Farms, Inc.* v. *Board of Education*, 144 N.J. 84, 99–105, 675 A.2d 1077 (1996).

Similarly, with respect to trespass, "[t]he typical trespass . . . is complete when it is committed; the cause of action accrues, and the statute of limitations begins to run at that time. . . . However, when the defendant erects a structure or places something on or underneath the plaintiff's land, the defendant's invasion continues if he fails to stop the invasion and to remove the harmful condition. In such a case, there is a continuing tort so long as the offending object remains and continues to cause the plaintiff harm. . . . In other words, each day

a trespass of this type continues, a new cause of action arises." (Citation omitted; internal quotation marks omitted.) *Sanderson* v. *Heath Mesa Homeowners Assn.*, 183 P.3d 679, 682 (Colo. App.), cert. denied, Docket No. 08SC340, 2008 Colo. LEXIS 929 (Colo. September 2, 2008); accord, e.g., *Doherty* v. *Admiral's Flagship Condominium Trust*, 80 Mass. App. Ct. 104, 110, 951 N.E.2d 936, review denied, 460 Mass. 1114, 954 N.E.2d 539 (2011); *Fradkin* v. *Northshore Utility District*, 96 Wn. App. 118, 119–20, 124–26, 977 P.2d 1265 (1999).

In *Lucchesi* v. *Perfetto*, 72 App. Div. 3d 909, 899 N.Y.S.2d 341 (2010), the Appellate Division of the Supreme Court of New York addressed arguments and issues similar to those before us. Before the court in *Lucchesi* was a motion for summary judgment granted in a nuisance and trespass action involving repeated deposits onto the plaintiffs' property from an embankment on the defendants' adjacent property. The court held that the New York Supreme Court "erred in concluding that the first cause of action to recover damages for nuisance, and the second cause of action to recover damages for trespass, were time-barred in their entirety. . . . [T]he first and second causes of action are based upon allegations of continuing wrongs—the continued entry of boulders, mud, and debris onto the plaintiffs' property, and the continued presence of fill. These alleged acts of continuous nuisance and trespass give rise to successive causes of action under the continuous wrong doctrine. . . . Accordingly, summary judgment dismissing the first and second causes of action should have been awarded to the defendants only insofar as those causes of action seek damages for acts of nuisance and trespass alleged to have occurred more than three years before the action was commenced." (Citations omitted.) Id., 911–12.

We conclude likewise in the present action. The plaintiff alleged facts in her complaint to support her claims

that the defendants' conduct in planting the bamboo and then failing to control its growth resulted in a continuing nuisance and a continuing trespass. The plaintiff's continuing nuisance and continuing trespass allegations therefore were part of the defendants' initial burden to rebut in its motion for summary judgment, by demonstrating that there were no genuine issues of material fact regarding the application of the relevant statutes of limitations. In seeking summary judgment, however, the defendants referred only to three dates to establish the untimeliness of the plaintiff's claims—the 1997 planting of the bamboo, the 2005 installation of the patio, and the 2010 commencement of the action. They ignored other allegations in the complaint by limiting their focus to these dates. Even in their arguments before us, the defendants narrowly frame the "act or omission complained of" on which they rely. They cite to the plaintiff's allegation that they "have planted this nonnative invasive [bamboo] with no containment of any kind," but they do not cite to the immediately succeeding allegation by the plaintiff that, additionally, "[t]hey have continued to cultivate it and freely allow it to aggressively spread to . . . adjacent properties . . . ."

By conducting its summary judgment analysis only on the basis of the 1997, 2005 and 2010 dates, the court, with respect to the trespass and nuisance counts, did not address the allegations of the defendants' failure to control the underground spread of the bamboo rhizomes and the above ground spread of the bamboo on the plaintiff's property. This continuing underground and above ground activity on the plaintiff's property created a genuine issue of material fact about whether §§ 52-577 and 52-584 were a bar to all of her claims encompassed in her trespass and nuisance counts. "A 'genuine' issue has been variously described as a 'triable,' 'substantial' or 'real' issue of fact . . . and has

been defined as one which can be maintained by substantial evidence. . . . Hence, the 'genuine issue' aspect of summary judgment procedure requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred. . . . A 'material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case. . . . 'Issue of fact' encompasses not only evidentiary facts in issue but also questions as to how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them. . . . [S]ummary judgment is to be denied where there exist 'genuine issues of fact and inferences of mixed law and fact to be drawn from the evidence before the [c]ourt.' " (Citations omitted.) *United Oil Co.* v. *Urban Redevelopment Commission*, 158 Conn. 364, 378–79, 260 A.2d 596 (1969).

In summary, whether the alleged nuisance and trespass by the rhizomes and bamboo were continuing or permanent presents a genuine issue of material fact with respect to the plaintiff's trespass and nuisance counts. The distinction drawn between continuing and permanent nuisances and trespasses for statute of limitations purposes has achieved wide recognition in other jurisdictions and in our Superior Court. Previous statements by this court and our Supreme Court suggest that this distinction is in accord with our construction of our law of nuisance and trespass. For example, in *Stoto* v. *Waterbury*, 119 Conn. 14, 17, 174 A. 189 (1934), our Supreme Court stated: "If the conditions necessary to create a nuisance were present, it might have arisen as well out of subsequent negligent omissions as out of the manner in which the situation was originally created." We find another example in *Cue Associates, LLC* v. *Cast Iron Associates, LLC*, 111 Conn. App. 107, 118 n.3, 958 A.2d 772 (2008), where we stated in dictum:

"[A] continuing trespass arguably might have taken the trespass [at issue] out of the statutory bar of § 52-577 . . . ."

We conclude that the court erred in rendering summary judgment without addressing the plaintiff's continuing nuisance and continuing trespass allegations, because, by doing so, the court overlooked genuine issues of material fact about whether the alleged nuisance and trespass were continuing or permanent, and thus whether the applicable statutes of limitations had run on the plaintiff's nuisance and trespass claims.

In assessing a motion for summary judgment, we hold the movants to their burden of "showing that it is quite clear what the truth is . . . ." (Internal quotation marks omitted.) *Ramirez* v. *Health Net of the Northeast, Inc.*, supra, 285 Conn. 11. The defendants have not met their burden. We reiterate that "[n]uisance is a word often very loosely used; it has been not inaptly described as a catch-all of ill-defined rights. . . . There is perhaps no more impenetrable jungle in the entire law than that which surrounds the word nuisance. . . . There is general agreement that it is incapable of any exact or comprehensive definition." (Citation omitted; internal quotation marks omitted.) *Heritage Village Master Assn., Inc.* v. *Heritage Village Water Co.*, supra, 30 Conn. App. 708. The complexity that commonly characterizes a nuisance claim is heightened when the issues raised by that claim are entangled with those raised by a trespass claim. The grafting together of these claims, when combined with the inquiry of whether such nuisances and trespasses are continuing or permanent, presents a knotty thicket of deeply factual issues that raise genuine issues of material fact and are inappropriate to decide on a motion for summary judgment. Accordingly, the court in this action erred in overpruning the multiplicity of facts and issues before it, leaving only the July, 1997 planting of the bamboo and the

mechanical application of the relevant statutes of limitations to that date.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.