[Cite as *Hayes v. Carrigan*, 2017-Ohio-5867.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

JEFFREY D. HAYES,

        Plaintiff-Appellee/Cross-
Appellant,

   vs.

PAMELA M. CARRIGAN,

        Defendant-Appellant/Cross-
Appellee.

:

:

:

:

:

:

:

:

APPEAL NOS. C-160554
C-160630
C-160641
TRIAL NO. A-1404459

*O P I N I O N.*

Civil Appeals From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Judgment Entered

Date of Judgment Entry on Appeal: July 19, 2017

*Dinsmore & Shohl, L.L.P.*, and *Sarah Cameron*, for Plaintiff-Appellee/Cross-Appellant,

*The Bonecutter Firm, L.L.C.*, *Brenda L. Bonecutter* and *Scott A. Crisler* for Defendant-Appellant/Cross-Appellee.

**DETERS, Judge.**

{¶1}   These appeals deal with a dispute between two adjoining property owners in Indian Hill over some bamboo, loud music, and mowing.  We determine that the trial court erred in finding that each property owner had committed a trespass.  Thus, we reverse that portion of the trial court's judgment awarding each party $11,000 on their respective trespass claims.

## I.      Facts and Procedural History

{¶2}   The dispute between these parties seems to have started several years ago, although it is not entirely clear from the record where the source of the parties' problems lie.    Relevant  to  these  appeals,  at  some  time  in  2014,  plaintiff-appellee/cross-appellant Jeffrey Hayes noticed dead or dying bamboo, grass, and shrubs along a portion of his property line abutting defendant-appellant/cross-appellee Pamela Carrigan's property.   Hayes believed Carrigan had applied toxic herbicide, and he reported the matter to the Indian Hill police department, which investigated.   Hayes then filed a civil complaint in the Hamilton County Court of Common Pleas, alleging that Carrigan had applied herbicide to Hayes's property, constituting trespass, nuisance, and willful destruction of property.  Hayes requested compensatory damages in excess of $15,000, punitive damages, treble damages, as well as costs and attorney's fees.

{¶3}   Carrigan filed a counterclaim, alleging that Hayes's invasive bamboo constituted a trespass and nuisance.  Carrigan also filed a cause of action for willful destruction of property, claiming that Hayes had left honeysuckle tree branches on her property, and he had allowed his livestock and horses to damage her property "with their hooves and by leaving manure piles."  Carrigan further alleged that Hayes

had played loud music, had mowed his grass in the early-morning hours, and had thrown limbs and animal carcasses on her property, all of which constituted nuisance and/or trespass. Carrigan also alleged that Hayes's continual complaints to the Indian Hill rangers constituted intentional infliction of emotional distress. Carrigan requested compensatory damages, punitive damages, injunctive relief, and a restraining order.

{¶4} The matter proceeded to a bench trial. Hayes, as well as his personal gardener, two Indian Hill rangers, and the former Indian Hill manager testified that in May of 2014, they had witnessed areas along Hayes's property line where bamboo, shrubs, and grass had turned brown and had appeared as though they had been poisoned. Hayes offered pictures, which he testified showed the damage. One of the Indian Hill rangers, Officer Bob Walters, testified that he had spoken to Carrigan in May of 2014, after responding to a call from Hayes regarding the bamboo. According to Officer Walters, Carrigan told him that she had "put something down" because she had not been able to get her lawnmower on part of her property, and that bamboo had been entering her property. A couple days later, Officer Walters called Carrigan, and he asked her what she had used on her property. Carrigan responded that she did not want to "incriminate herself." Over Carrigan's objection, Hayes offered an estimate from Evans Landscaping for $8,657.43, which, according to Hayes, represented the value to replace the damaged grass and shrubs.

{¶5} At the close of Hayes's case-in-chief, Carrigan moved for a "directed verdict" on Hayes's trespass claim, arguing that Hayes failed to prove Carrigan had caused the bamboo and other shrubs to die. The trial court overruled Carrigan's motion, and Carrigan then proceeded with her case on her counterclaims.

{¶6} Carrigan testified that she had bamboo entering her property, and that she believed her property value diminished as a result. When cross-examined by Hayes's counsel regarding her statements to Officer Walters, Carrigan testified that she had sprayed "weed & feed" on her entire property, and that she had put down salt pellets from her water softener on her flower bed. Carrigan also called two witnesses from separate landscaping companies who testified as to the cost of removing bamboo roots in Carrigan's yard and placing a chemical "barrier" in Carrigan's property to stop the spread of bamboo.

{¶7} Carrigan also testified that she had been subjected to Hayes's loud music, dogs barking, and mowing at inconvenient hours, which she claimed interfered with the use and enjoyment of her property. Carrigan logged the occasions where Hayes mowed prior to 7:30 a.m., which included ten days in the summer of 2014, and each time Carrigan contacted the Indian Hill rangers. Carrigan also testified that Hayes's dog "consistently goes up and down the fence row trying to infuriate my dogs and barks a lot." Finally, Carrigan testified that Hayes played Jimmy Buffet music at a high volume, and that she had to wear earplugs when she gardened outside. On one occasion, Carrigan contacted the Indian Hill rangers because "Margaritaville" had been playing on repeat.

{¶8} After trial, the trial court took the matter under submission, and entered an order in March 2016, which awarded each party $11,000. Carrigan requested findings of fact and conclusions of law. In May 2016, the trial court entered its findings of fact and conclusions of law, determining that each party had committed a trespass. The trial court never specifically ruled on the other claims in the complaint. Carrigan filed two appeals and Hayes filed a cross-appeal. The trial

court then issued an entry in October 2016, clarifying that each party received an $11,000 award for trespass, and dismissing all other claims. We now turn to the parties' appeals from the trial court's final order. We will address Hayes's cross-appeal first.

## II.   Analysis

## A. Hayes's Cross-Appeal

{¶9}   *Carrigan's Trespass Claim.*   In Hayes's first assignment of error, he argues that the trial court erred in entering judgment in favor of Carrigan on her trespass claim for $11,000. Specifically, Hayes argues that the trial court erred in finding that bamboo roots, loud music, and mowing constitute trespass.

{¶10} A trespass occurs "when a person, without authority or privilege, physically invades or unlawfully enters the private premises of another whereby damages directly ensue." *R&R Family Invests. v. Plastic Moldings Corp.*, 1st Dist. Hamilton No. C-160382, 2016-Ohio-8125, ¶ 22.

{¶11} With regard to the encroachment of bamboo on Carrigan's property, Hayes argues that vegetation growth cannot constitute a trespass as a matter of law, and he relies on a case from the Eighth Appellate District, *Rababy v. Metter*, 2015-Ohio-1449, 30 N.E.3d 1018 (8th Dist.). In *Rababy*, a tree on the defendant's property extended over the plaintiff's property and dropped debris. The court held that the tree did not constitute a trespass, because no intentional act existed. Although the *Rababy* court did not go so far as to hold that vegetation growth can never constitute a trespass, it is clear that "[i]ntentional conduct is an essential element of trespass." *Merino v. Salem Hunting Club*, 7th Dist. Columbiana No. 07 CO 16, 2008-Ohio-6366, ¶ 44, citing Restatement of the Law 2d, Torts, Section 158

(1965). " 'An intentional tort occurs when the actor desires to cause consequences of his act, or believes that the consequences are substantially certain to result from it.' " *Robinson v. Cameron*, 12th Dist. Butler No. CA2014-09-191, 2015-Ohio-1486, ¶ 12, quoting *Harasyn v. Normandy Metals, Inc.*, 49 Ohio St.3d 173, 175, 551 N.E.2d 962 (1990).

{¶12} Carrigan testified that she believed bamboo qualifies as an invasive and noxious weed, and one of Carrigan's landscapers testified, over Hayes's objection, that bamboo can overpower plants. Carrigan's evidence, without more, is insufficient to establish the intentional conduct on the part of Hayes. Therefore, Carrigan presented insufficient evidence that Hayes acted intentionally with regard to the bamboo encroachment.

{¶13} In defending her claim that the bamboo growth constitutes a trespass, Carrigan relies on a Connecticut case, *Rickel v. Komaromi*, 144 Conn.App. 775, 73 A.3d 851 (2013). In *Rickel*, the plaintiff alleged that the defendant's conduct in planting bamboo and failing to control its growth constituted a continuing trespass. According to the *Rickel* court, the trial court ignored the continuing nature of the wrong alleged by the plaintiff when the trial court granted summary judgment to the defendant on statute-of-limitations grounds. *Id.* at 792. The *Rickel* court did not consider whether planting bamboo and its subsequent growth constituted an intentional act sufficient for trespass.

{¶14} With regard to the noise from Hayes's occasional loud music, dogs barking, and early-morning mowing, Carrigan agrees that this conduct is not sufficient to constitute a trespass. Instead, Carrigan argues that Hayes's actions in this regard constituted a nuisance. But, the trial court's October 2016 entry

dismissed Carrigan's nuisance claim, so the trial court's decision cannot be defended on this basis. Moreover, in order to recover damages for annoyance and discomfort in nuisance, a plaintiff's damages must establish that the nuisance created "physical discomfort" and the damages must be "real, material, and substantial." *Banford v. Aldrich Chem. Co.*, 126 Ohio St.3d 210, 2010-Ohio-2470, 932 N.E.2d 313, ¶ 28, 30. Carrigan testified that Hayes's actions caused her annoyance and discomfort, but these cannot be characterized as substantial.

{¶15} We determine that the trial court erred in finding in favor of Carrigan on her trespass claim. Thus, we sustain Hayes's first assignment of error.

{¶16} *Treble Damages under R.C. 901.51.* In his second assignment of error, Hayes argues that the trial court erred in failing to award treble damages under R.C. 901.51. R.C. 901.51 provides, "[n]o person, without privilege to do so, shall recklessly cut down, destroy, girdle, or otherwise injure a vine, bush, shrub, sapling, tree, or crop standing or growing on the land of another or upon public land." A violation under R.C. 901.51 constitutes a fourth-degree misdemeanor. *See* R.C. 901.99(A). In addition to the criminal penalty, a violator of R.C. 901.51 can be held liable for treble damages for injury caused. *See* R.C. 901.51.

{¶17} With regard to Hayes's claim under R.C. 901.51, Hayes offered no legal or factual support for the proposition that bamboo constitutes a "vine, bush, shrub, sapling, tree, or crop." So, it is unclear whether R.C. 901.51 applies to injured bamboo. Moreover, a violation of R.C. 901.51 requires a violator to have acted recklessly, meaning that the violator "disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature." *See* R.C. 2901.22(C) (defining when a person acts recklessly for

criminal statutory purposes); *Wooten v. Knisley*, 79 Ohio St.3d 282, 290, 680 N.E.2d 1245 (1997).

{¶18} Hayes's theory at trial with regard to his dying bamboo was that Carrigan put down weed killer on the property line, knowing that the downward slope of the property would cause run-off onto Hayes's property. The main piece of evidence Hayes offered at trial in this regard came from Officer Walters, who testified that Carrigan had told him that she put "something down" because she could not get her mower behind the "stuff on her property." When Walters had called Carrigan again to ask her what she had put on her yard, she said she did not want to "incriminate herself." Carrigan contested Hayes's version of the facts, and defended that she had placed a general "weed & feed" on her entire property and posited that an abnormally cold winter had killed Hayes's bamboo. The trial court found that Carrigan "applied weed killer near the same property line that spilled over the line and damaged [Hayes's] property." The trial court's findings of fact and conclusions of law made no mention that Carrigan acted recklessly when she applied the weed killer.

{¶19} In reviewing the record, we cannot say that the trial court's decision to dismiss Hayes's claim under R.C. 901.51 was erroneous. Therefore, we overrule Hayes's second assignment of error.

### B. Carrigan's Appeal

{¶20} *Hayes's Claim for Trespass.* In her first assignment of error, Carrigan argues that the trial court erred in failing to grant her motion for a directed verdict on Hayes's trespass claim, and that the trial court erred in awarding $11,000 to Hayes.

{¶21} Civ.R. 50(A)(4) governs a motion for a directed verdict. "A motion for directed verdict tests whether the evidence is sufficient to warrant a jury's consideration * * *." *Jarupan v. Hanna*, 173 Ohio App.3d 284, 2007-Ohio-5081, 878 N.E.2d 66, ¶ 8 (10th Dist.). Therefore, directed verdicts are inapplicable in bench trials, where no jury exists. *Id.* at ¶ 7; *Canter v. Wolfe*, 2016-Ohio-5300, 69 N.E.3d 1061, ¶ 18 (5th Dist.); *Apple v. Water World, Inc.*, 8th Dist. Cuyahoga No. 80823, 2002-Ohio-6326, ¶ 10; *Bank One, Dayton, N.A. v. Doughman*, 59 Ohio App.3d 60, 571 N.E.2d 442 (1st Dist.1988). Instead, a defendant in a nonjury action must move for an involuntary dismissal under Civ.R. 41(B)(2) at the close of the plaintiff's evidence. *Doughman* at 63. Therefore, this court will treat Carrigan's assignment of error as one challenging the trial court's failure to grant a dismissal under Civ.R. 41(B)(2). *See Parrish v. Machlan*, 131 Ohio App.3d 291, 722 N.E.2d 529, 531 (1st Dist.1997).

{¶22} Civ.R. 41(B)(2) expressly allows the trial court sitting as the trier of fact to "decline to render any judgment until the close of all the evidence." Thus, we cannot determine that the trial court erred in denying Carrigan's motion at the close of Hayes's case and hearing additional evidence on his trespass claim. *See Tillman v. Watson*, 2d Dist. Champaign No. 06-CA-10, 2007-Ohio-2429, ¶ 12-14 (determining that the trial court's initial decision to deny the defendant's motion under Civ.R. 41(B)(2) at the close of the plaintiff's evidence was not erroneous because the rule expressly allows the trial court to proceed with further evidence). Neverthless, we determine that Hayes failed to provide sufficient evidence of damages.

{¶23} As to Hayes's claim for trespass against her, Carrigan argues that Hayes failed to prove damages. In Hayes's proposed findings of fact and conclusions

of law, Hayes requested $8,657.43 in economic loss, as represented by an estimate from Evans Landscaping. According to Hayes, the estimate represented the replacement cost of the damage on the property line. Carrigan's counsel objected to admission of the estimate at trial, arguing that Hayes had not laid a proper foundation for its admission.

{¶24} Hearsay is inadmissible, unless an exception applies. *See* Evid.R. 802. Evid.R. 803(6) provides an exception to the hearsay rule for business records. Before a record can be admitted under Evid.R. 803(6), three elements must be met: "(i) the record must be one regularly made in a regularly conducted activity; (ii) the contents of the record must have been entered or transmitted by a person with knowledge of the act, event, or condition recorded therein; and (iii) the act, event, or condition must have been recorded at or near the time of the transaction." *Great Seneca Fin. v. Felty*, 170 Ohio App.3d 737, 2006-Ohio-6618, 869 N.E.2d 30, ¶ 10 (1st Dist.). "A trial court abuses its discretion when it admits a business record in the absence of an adequate foundation to establish admissibility under Evid.R. 803(6)." *State Farm Mut. Auto. Ins. Co. v. Anders*, 197 Ohio App.3d 22, 2012-Ohio-824, 965 N.E.2d 1056, ¶ 12 (10th Dist.).

{¶25} Here, Hayes did not offer any witness from Evans Landscaping to vouch for the creation of the business estimate. Therefore, the trial court erred in admitting the estimate.

{¶26} Hayes's proposed findings of fact and conclusions of law also requested $2,342.57 in "noneconomic loss" for his trespass claim, thus requesting $11,000 in total damages. As this court has held, Ohio law requires that a landowner in an indirect-trespass action prove substantial damage. *See Colegrove v. Fred A.*

*Nemann Co.*, 1st Dist. Hamilton No. C-140171, 2015-Ohio-533, ¶ 36. Hayes's theory at trial was that Carrigan had indirectly trespassed by way of weed killer on her property. Hayes did not offer any evidence of substantial, noneconomic loss resulting from Carrigan's alleged trespass.

{¶27} In the absence of any admissible evidence as to damages, Hayes failed to prove his damages with reasonable certainty. *See Jayashree Restaurants, L.L.C. v. DDR PTC Outparcel, L.L.C.*, 10th Dist. Franklin No. 16AP-186, 2016-Ohio-5498, ¶ 13 ("Damages that result from an alleged wrong must be shown with reasonable certainty, and a party cannot base them on mere speculation or conjecture, regardless of whether the action is in contract or tort."). Therefore, we sustain Carrigan's first assignment of error, and hold that the trial court erred in finding in favor of Hayes on his trespass claim.

{¶28} *Admission of Irrelevant Evidence.* In Carrigan's second assignment of error, she argues that the trial court abused its discretion in admitting irrelevant testimony regarding events prior to 2014. Carrigan points to several portions of the trial where Hayes's witnesses offered "prejudicial" evidence regarding interactions of the parties in 2007 and 2009. This argument is meritless. Both parties offered evidence of interactions prior to 2014. For instance, Carrigan presented her ex-husband as a witness, who had moved from the property in 2002, some 12 years prior to this action. Any error in the admission of the evidence of prior interactions was harmless error, because it had no effect on the outcome of the trial. *See* Civ.R. 61. Therefore, we overrule Carrigan's second assignment of error.

{¶29} *Damages Award.* In Carrigan's third assignment of error, she argues that the trial court erred in awarding damages to Hayes, and that the trial court erred

by failing to award greater monetary damages to her on her claims. As we held in our disposition of Carrigan's first assignment of error, the trial court erred in finding in favor of Hayes on his trespass claim. Moreover, as we held in the disposition of Hayes's cross-appeal, Carrigan failed to prove her trespass claim against Hayes, and the trial court correctly dismissed her nuisance claim. Therefore, we overrule this assignment of error.

## III. Conclusion

{¶30} In conclusion, we hold that the trial court erred in finding in favor of Hayes and Carrigan on their respective trespass claims, and we reverse that portion of the trial court's judgment awarding damages to each of the parties. We enter the judgment the trial court should have entered, which is to find against each party on their respective trespass claims. We affirm the remainder of the trial court's judgment dismissing any of the parties' remaining claims and requests for relief.

Judgment accordingly.

**CUNNINGHAM, P.J.,** concurs.
**ZAYAS, J.,** concurs in judgment only.

Please note:

The court has recorded its own entry on the date of the release of this opinion.