22-2335-cv
*Laviero v. City of Bristol*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of February, two thousand twenty-four.

PRESENT:
>ROBERT D. SACK,
>REENA RAGGI,
>JOSEPH F. BIANCO,
>>*Circuit Judges*.

_____

ROSEMARIE LAVIERO,

>*Plaintiff-Appellant*,

>v.                                                                         22-2335-cv

CITY OF BRISTOL, WALTER VESELKA, P.E., P.W.L.F., RAYMOND A. ROGOZINSKI, P.E., PAUL STRAWDERMAN, P.E., BL COMPANIES, INC., DEREK KOHL, P.E., SCHULTZ CORPORATION, INLAND WETLANDS COMMISSION, BRISTOL INLAND WETLANDS COMMISSION,

>*Defendants-Appellees*,

THE HANOVER INSURANCE COMPANY,

>*Defendant*.

_____

FOR PLAINTIFF-APPELLANT: RACHEL M. BAIRD, Rocky Hill, Connecticut.

FOR DEFENDANTS-APPELLEES: RYAN P. DRISCOLL, Berchem Moses P.C., Milford, Connecticut.

ELIZABETH A. LAKE (Steven R. Kramer, *on the brief*), Eckert Seamans Cherin & Mellott, LLC, White Plains, New York.

THOMAS A. PLOTKIN (Daniel J. Krisch, *on the brief*), Halloran & Sage LLP, Hartford, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Omar A. Williams, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on August 31, 2022, is **AFFIRMED**.

Plaintiff-Appellant Rosemarie Laviero appeals from an award of summary judgment in favor of Defendants-Appellees City of Bristol (the "City"); city engineers Walter Veselka, P.E., P.W.L.F., Raymond A. Rogozinski, P.E., and Paul Strawderman, P.E.; BL Companies, Inc. and its employee Derek Kohl, P.E. (together "BL Companies"); Schultz Corporation; Inland Wetlands Commission; and Bristol Inland Wetlands Commission on her claims of trespass, nuisance, unlawful taking under the Fifth and Fourteenth Amendments of the Constitution, and violations of the City's wetlands regulations and the Environmental Protection Act. Laviero's claims arose out of allegations that, in 2008, Defendants-Appellees reconstructed the existing culvert on her property without permission and without obtaining an easement for the repair and reconstruction of the culvert. We review *de novo* the district court's decision granting summary judgment, including on statute-of-limitations grounds. *See Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d

2

120, 123–24 (2d Cir. 2014). In so doing, we assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

Laviero does not dispute that Connecticut state law applies to the determination as to whether her trespass, nuisance, and takings claims are time-barred, but argues that the district court erred in its application of that law to her claims. We disagree and conclude that the district court properly granted summary judgment on the ground that Laviero's claims, which were filed in state court in November 2018 (and removed to federal court), were time-barred under their respective statutes of limitations.[1]

## I. Trespass and Nuisance Claims

Laviero claims that a culvert substantially completed in December 2008 is a trespass on her property. In Connecticut, common law tort claims are generally subject to a three-year statute of limitations, which runs from "the date of the act or omission complained of." Conn. Gen. Stat. § 52-577. However, because BL Companies is a professional engineering firm, the applicable statute of limitations for the claim against BL Companies is the seven-year period set forth in Conn. Gen. Stat. § 52-584a. Moreover, under Connecticut law, whereas a permanent trespass

---

[1] Laviero only challenges the judgment with respect to the trespass, nuisance, and takings claims, all of which the district court determined to be time-barred. *See Laviero v. City of Bristol*, No. 3:18-CV-2065 (OAW), 2022 WL 3716444, at *9–10 (D. Conn. Aug. 29, 2022). Accordingly, Laviero has abandoned her environmental law claims, on which the district court made merits determinations in favor of the Defendants-Appellees. *See Hughes v. Bricklayers & Allied Craftworkers Loc. No. 45*, 386 F.3d 101, 104 n.1 (2d Cir. 2004) (holding that claims advanced in the district court but not briefed on appeal were abandoned). In addition, although Defendants-Appellees argue that Laviero waived any opposition to the application of the statute of limitations to her claims, because she failed to preserve the issue in the district court and did not adequately brief the issue on appeal, we need not address that issue because we affirm the district court's statute-of-limitations rulings.

3

gives rise to a claim "from the time the trespass is created, and the trespass may not be challenged once the limitation period has run," a continuing trespass "gives rise to successive causes of action each time there is an interference with a person's property" such that "the statute of limitations begins to run anew with each act." *Rickel v. Komaromi*, 73 A.3d 851, 860 (Conn. 2013) (internal quotation marks and citation omitted). *Rickel* applied this rule to a nuisance claim, observing, "[i]f a nuisance is not abatable, it is considered permanent, and a plaintiff is allowed only one cause of action to recover damages for past and future harm. The statute of limitations begins to run against such a claim upon the creation of the nuisance once some portion of the harm becomes observable." *Id*. (internal quotation marks and citations omitted).

The district court correctly applied the "reasonable abatability test" to determine that the culvert, a nine-by-six-foot concrete box, which Laviero refused to allow the City to maintain by denying access to her property, is a permanent trespass. *Laviero v. City of Bristol*, No. 3:18-CV-2065 (OAW), 2022 WL 3716444, at *7 (D. Conn. Aug. 29, 2022) (noting that the "continuing trespass doctrine does not apply to a landowner who refuses to permit a defendant to enter the land to remove the trespassing condition" (citing Restatement (Second) of Torts § 161, comment d.)). Therefore, as a permanent trespass, Laviero's cause of action accrued "upon the creation of the [trespass] once some portion of the harm bec[ame] observable." *Rickel*, 73 A.3d at 860. As the district court noted, the uncontroverted evidence was that Laviero first discovered and expressed her dissatisfaction with the size and appearance of the completed culvert in 2008, and again surveyed her property in 2010 after the completed culvert had encroached upon her property lines. *Laviero*, 2022 WL 371644, at *9. In short, construing the facts most favorably to Laviero, the alleged trespass became observable, at the very latest, in 2010. Therefore, because Laviero filed

4

this action in November 2018, her trespass claim against BL Companies is time-barred under the seven-year statute of limitations contained in Conn. Gen. Stat. § 52-584a, and the remaining trespass claims are time-barred under the general three-year statute of limitations for tort claims set forth in Conn. Gen. Stat. § 52-577.[2]

In reaching this determination, the district court correctly held that Laviero could not demonstrate that her claims should be tolled because fraudulent concealment by Defendants-Appellees prevented her from learning of the existence of her cause of action. *See* Conn. Gen. Stat. § 52-595 ("If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence."). To establish such fraudulent concealment under Connecticut law, plaintiffs must demonstrate: "(1) a defendant's actual awareness . . . of the facts necessary to establish the plaintiffs' cause of action; (2) [a] defendant's intentional concealment of these facts from the plaintiffs; and (3) [a] defendant's concealment of the facts for the purpose of obtaining delay on the plaintiffs' part in filing a complaint on their cause of action." *Martinelli v. Bridgeport Roman Cath. Diocesan Corp.*, 196 F.3d 409, 419 (2d Cir. 1999) (internal quotation marks, citation, and

---

[2] In her reply brief, Laviero argues that the three-year statute of limitations does not apply, reasoning that she filed suit within fifteen years, the time set by statute to oppose the creation of an easement through adverse possession. *See City of Waterbury v. Town of Washington*, 800 A.2d 1102, 1148 (Conn. 2002) (recognizing that easement may be created through open and obvious use of property for at least fifteen years (citing Conn. Gen. Stat. § 47-37)). She cites no authority, however, for the proposition that this fifteen-year period displaces the limitations period otherwise applicable to trespass claims. Her complaint, moreover, claimed that the construction of the culvert itself constituted the trespass and did not purport to challenge the creation of an easement in her property. *See Shara v. Maine-Endwell Cent. Sch. Dist.*, 46 F.4th 77, 87 n.1 (2d Cir. 2022) (rejecting attempt to raise on appeal theories of liability that "did not appear in the Complaint").

5

alterations omitted).  Here, although Laviero nominally contends that the City "lulled her into waiting to seek relief" in court, Appellant's Br. at 19, she does not set forth any evidence from which she could demonstrate that Defendants-Appellees intentionally concealed facts that were necessary to establish her cause of action or that they did so with the purpose of delaying her filing of a complaint.  Accordingly, Section 52-595 cannot toll her claim.

For the same reasons, the district court found that Laviero's nuisance claim was barred by the two-year statute of limitations under § 52-584 for negligence claims.[3]  *Laviero*, 2022 WL 3716444 at *9; *see generally Rickel*, 73 A.3d at 858 ("The applicable statute of limitations for a nuisance claim based on alleged negligent conduct is General Statutes § 52-584.").  Laviero does not contest the application of the two-year limitations period to her nuisance claim and, in any event, that nuisance claim would also be barred by the state's general three-year statute of limitations for torts claims.

## II.    Takings Claim

Finally, the district court correctly determined that Laviero's unlawful takings claim under the Fifth and Fourteenth Amendments, brought under 42 U.S.C. § 1983, was time-barred under Connecticut's three-year statute of limitations for tort claims.  *See Spak v. Phillips*, 857 F.3d 458, 461–62 (2d Cir. 2017) (noting that the statute of limitations for a common law claim brought under Section 1983 "is borrowed from the statute of limitations for the analogous claim under the law of the state where the cause of action accrued, which in Connecticut is three years." (citations

---

[3]  Section 52-584 provides that "[n]o action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ."  Conn. Gen. Stat. § 52-584.

omitted)).  Although state law governs the statute-of-limitations period, "federal law determines when a federal claim accrues."  *Kronisch v. United States*, 150 F.3d 112, 123 (2d Cir. 1998) (internal quotation marks and citation omitted).  The general rule for accrual of federal claims, including claims under Section 1983, is that a claim accrues when a plaintiff "knows or has reason to know of the injury" that is the basis of the claim.  *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) (internal quotation marks and citation omitted).  As discussed above, Defendants-Appellees presented uncontradicted evidence that the culvert's construction was public knowledge, and that Laviero could have reasonably discovered the encroachment in 2010 when she had the property surveyed in anticipation of the construction of her single-family residence.  Moreover, Laviero has not articulated any grounds for equitable tolling.  *See Walker v. Jastremski*, 159 F.3d 117, 119 (2d Cir. 1998) (per curiam) ("[A] plaintiff's ignorance of injury does not toll a statute of limitations if, with the exercise of reasonable diligence, the plaintiff could have learned of the wrong prior to the date of actual discovery.")  Therefore, because the takings claim was filed in November 2018, it is clearly time-barred under the applicable three-year statute of limitations.

*        *        *

We have considered Laviero's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court