DENISE MOLLICA ET AL. *v.* EDWARD TOOHEY
(AC 32536)

DiPentima, C. J., and Alvord and Sheldon, Js.

Submitted on briefs January 13—officially released April 3, 2012

*Jeffrey M. Cooper* and *Jeremy C. Virgil* filed a brief for the appellants (plaintiffs).

*Patricia M. Shepard* and *Lawrence H. Adler* filed a brief for the appellee (defendant).

*Opinion*

DiPENTIMA, C. J. The plaintiffs, Denise Mollica, individually and as the next friend of Alexa Mollica and Daniel Mollica, appeal from the summary judgment rendered in favor of the defendant, Edward Toohey. On appeal, the plaintiffs claim that the trial court improperly concluded that there was no genuine issue of material fact that their action was barred by the applicable statute of limitations. We disagree and, accordingly, affirm the summary judgment of the trial court.

The plaintiffs commenced the present action on December 21, 2005, by way of a one count complaint. The plaintiffs alleged that starting in September, 1999, they had resided at 108 Howe Street in Shelton, a premises owned by the defendant. The plaintiffs further alleged that the defendant allowed the presence and accumulation of water in numerous areas of the premises over a period of time and, as a result, bacteria and/or toxic mold developed and contaminated the indoor air quality. They claimed that as a result of this negligent

ownership and maintenance of the premises by the defendant, they suffered a variety of personal injuries.[1]

On March 2, 2006, the defendant filed his answer and raised two special defenses. In the first special defense, he claimed that the plaintiffs' injuries and damages, if any, were proximately caused by the negligence and carelessness of Denise Mollica. In the second special defense, the defendant alleged that the plaintiffs' complaint was time barred by the two year statute of limitations set forth in General Statutes § 52-584. On July 2, 2007, the plaintiffs denied the allegations in the defendant's special defenses.

After receiving permission from the court, the defendant moved for summary judgment on December 29, 2009. The basis for this motion was that the plaintiffs' action was barred by the applicable statute of limitations. On February 18, 2010, the plaintiffs filed an objection to the motion for summary judgment, arguing for the first time that the defendant's failure to remedy the conditions at the premises constituted a continuing course of conduct[2] that tolled the statute of limitations.

[1] Specifically, the plaintiffs' complaint set forth the following: "As a direct and proximate result of the negligence and carelessness of the defendant, the plaintiffs suffered serious personal injuries including: (a) for the plaintiff Denise Mollica sinusitis, headaches, air flow obstruction, dizziness, shortness of breath, chronic cough, chest tightness, fatigue, sore throats, muscle and joint pain, anxiety and panic attacks, skin rashes and hives and nausea and vomiting; (b) for the plaintiff Alexa Mollica headaches, chronic strep throat, pinkeye, skin rashes, nose bleeds, congestion, and stomach pain; (c) for the plaintiff Daniel Mollica chronic strep throat, nose bleeds, congestion, and pinkeye, all of which injuries to each plaintiff caused them severe pain and suffering and is or likely will be permanent in nature."

[2] "When the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed. . . . [I]n order [t]o support a finding of a continuing course of conduct that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such a wrong. . . . Where [our Supreme Court has] upheld a finding that a duty continued to exist after the cessation of the act or omission relied upon, there has been evidence

On June 7, 2010, the court issued a memorandum of decision granting the motion for summary judgment filed by the defendant. The court noted that the plaintiffs commenced the action on December 21, 2005, and that § 52-584 set forth the applicable statute of limitations for this negligence action. The court determined that the undisputed evidence demonstrated that the plaintiffs "knew that there was mold on the premises and that they had suffered physical injury as a result in 2001." The court therefore concluded that the action was commenced outside the two year statute of limitations set forth in § 52-584. The court also concluded that the continuing course of conduct doctrine applies only to conduct occurring before the injury is discovered, and therefore the doctrine did not apply to toll the statute of limitations. This appeal followed.

"Practice Book § [17-49] requires that judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A material fact is a fact that will make a difference in the result of the case. . . . The facts at issue are those alleged in the pleadings. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . . The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. See Practice Book §§ [17-44 and 17-45]. In deciding a motion for summary judgment, the trial court

of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act." (Internal quotation marks omitted.) *Sinotte* v. *Waterbury*, 121 Conn. App. 420, 440, 995 A.2d 131, cert. denied, 297 Conn. 921, 996 A.2d 1192 (2010).

must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . . Our review of the trial court's decision to grant a motion for summary judgment is plenary." (Internal quotation marks omitted.) *Credit One, LLC* v. *Head*, 117 Conn. App. 92, 97, 977 A.2d 767, cert. denied, 294 Conn. 907, 982 A.2d 1080 (2009). " 'Summary judgment may be granted where the claim is barred by the statute of limitations.' *Doty* v. *Mucci*, 238 Conn. 800, 806, 679 A.2d 945 (1996)." *Rosenfield* v. *I. David Marder & Associates, LLC*, 110 Conn. App. 679, 684, 956 A.2d 581 (2008); see also *Sinotte* v. *Waterbury*, 121 Conn. App. 420, 440, 995 A.2d 131 (whether plaintiffs' claims are barred by applicable statutes of limitation presents question of law to which we afford plenary review), cert. denied, 297 Conn. 921, 996 A.2d 1192 (2010).

On appeal, the plaintiffs argue that the court improperly granted summary judgment in favor of the defendant.[3] Specifically, they claim that the continuing course

[3] The defendant also argues that because the plaintiffs failed to plead the continuing course of conduct doctrine, we need not review their claim. He directs our attention to *Beckenstein Enterprises-Prestige Park, LLC* v. *Keller*, 115 Conn. App. 680, 688, 974 A.2d 764, cert. denied, 293 Conn. 916, 979 A.2d 488 (2009), where we stated that "the continuing course of conduct doctrine is a matter that must be pleaded in avoidance of a statute of limitations special defense." See also *Bellemare* v. *Wachovia Mortgage Corp.*, 94 Conn. App. 593, 607 n.7, 894 A.2d 335 (2006), aff'd, 284 Conn. 193, 931 A.2d 916 (2007); Practice Book § 10-57.

The defendant, however, failed to present this argument to the trial court. As stated previously, the plaintiffs first raised the issue of the continuing course of conduct doctrine in their objection to the defendant's motion for summary judgment. Although the defendant disputed the applicability of the continuing course of conduct doctrine, he did not argue that this doctrine was foreclosed to the plaintiffs as a result of their failure to plead it pursuant to Practice Book § 10-57.

Unlike the facts of the present case, the trial court in *Beckenstein* specifically had concluded that the continuing course of conduct doctrine was inapplicable because the plaintiffs had failed to plead it. See *Beckenstein Enterprises-Prestige Park, LLC* v. *Keller*, supra, 115 Conn. App. 689. Addi-

of conduct doctrine tolled the applicable statute of limitations. We disagree.

We begin our analysis by setting forth the language of § 52-584, which provides in relevant part: "No action to recover damages for injury to the person . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ." We have concluded that this statute imposes two specific time requirements on plaintiffs. "The first requirement, referred to as the discovery portion . . . requires a plaintiff to bring an action within two years from the date when the injury is first sustained *or discovered* or in the exercise of reasonable care should have been discovered . . . . The second provides that in no event shall a plaintiff bring an action more than three years from the date of the act or omission complained of. . . . The three year period specifies the time beyond which an action under § 52-584 is absolutely barred, and the three year period is, therefore, a statute of repose." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Rosato* v. *Mascardo*, 82 Conn. App. 396, 401–402, 844 A.2d 893 (2004). We further have stated expressly that

tionally, we noted that "our Supreme Court has previously . . . afforded trial courts discretion to overlook violations of the rules of practice and to review claims brought in violation of those rules *as long as the opposing party has not raised a timely objection to the procedural deficiency. Schilberg Integrated Metals Corp.* v. *Continental Casualty Co.*, 263 Conn. 245, 273, 819 A.2d 773 (2003)." (Emphasis added; internal quotation marks omitted.) *Beckenstein Enterprises-Prestige Park, LLC* v. *Keller*, supra, 689. Further, this court in *Bellemare* reviewed the claim regarding the continuing course of conduct doctrine even though it had not been raised in the plaintiff's pleading. *Bellemare* v. *Wachovia Mortgage Corp.*, supra, 94 Conn. App. 607. For these reasons, in the absence of a timely objection to the failure to plead the continuing course of conduct doctrine, we will review the merits of the plaintiffs' appeal.

"the continuing course of conduct doctrine has no application after the plaintiff has discovered the harm." Id., 405, citing *Mountaindale Condominium Assn., Inc.* v. *Zappone*, 59 Conn. App. 311, 327–32, 757 A.2d 608, cert. denied, 254 Conn. 947, 762 A.2d 903 (2000), and *Rivera* v. *Fairbank Management Properties, Inc.*, 45 Conn. Sup. 154, 160, 703 A.2d 808 (1997).

The defendant attached portions of Denise Mollica's deposition to his motion for summary judgment. During the deposition, she stated that in 2000 and the beginning 2001, she and her children were getting sick. Counsel asked when she "began to assume that the mold that was there was causing some illness?" Denise Mollica responded that this occurred at some point in 2001. She stated that during 2001, her physician asked her questions about mold and her blood tests and a biopsy of her sinus revealed a toxic mold count in her body. She also stated: "And the biopsy that they took was a toxic mold, and that mold is only contracted through indoors with sheetrock, and that is when we started thinking and talking about it." Denise Mollica was unable to recall specifically when in 2001 this discussion occurred. She later stated, however, that in August, 2001, after her son was diagnosed with meningitis, she concluded that the mold "was causing medical problems for [her] and [her] family."

"When applying § 52-584 to determine whether an action was timely commenced, this court has held that an injury occurs when a party suffers some form of actionable harm. . . . Actionable harm occurs when the plaintiff discovers . . . that he or she has been injured and that the defendant's conduct caused such injury. . . . The statute begins to run when the plaintiff discovers some form of actionable harm, not the fullest manifestation thereof. . . . The focus is on the plaintiff's knowledge of facts, rather than on discovery of applicable legal theories." (Internal quotation marks

omitted.) *Rosato* v. *Mascardo*, supra, 82 Conn. App. 404–405. In the present case, the plaintiffs became aware of their injuries from the mold in 2001.[4] To comply with the two year statute of limitations, they were required to commence their action no later than 2003. The plaintiffs' action, however, was not commenced until the end of 2005, well outside of the statute of limitations. Additionally, as we have noted, "as a matter of law, [the continuing course of conduct doctrine applies] only to the repose portion of the statute and not to the discovery portion. The discovery portion addresses the plaintiff's knowledge of the injury and not the defendant's act or omission. Once the plaintiff has discovered [the] injury, the statute begins to run. Moreover, after the discovery of actionable harm, the policy behind [the continuing course of conduct doctrine] is no longer served." Id., 405. Accordingly, the continuing course of conduct doctrine does not apply, and the court properly concluded that the plaintiffs' action was barred by the application of § 52-584. Summary judgment in favor of the defendant was properly rendered in this case.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] The plaintiffs also argue that a genuine issue of material fact exists as to whether they suffered an actionable harm before 2003, when they discovered the mold and water damage that previously had been hidden. On the basis of the testimony of Denise Mollica at her deposition, and case law setting forth when a party suffers actionable harm, we conclude that no such genuine issue of material fact exists.