## SALLY WOJTKIEWICZ *v.* MIDDLESEX HOSPITAL
### (AC 33758)

DiPentima, C. J., and Beach and Bishop, Js.

Argued January 4—officially released March 12, 2013

*David S. Seidman,* for the appellant (plaintiff).

*Jason T. Prueher,* with whom was *Stephen Sachner,* for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Sally Wojtkiewicz, appeals from the summary judgment rendered in favor of the defendant, Middlesex Hospital. On appeal, the plaintiff claims that the court improperly concluded that her claims against the defendant were barred by the statute of limitations. Following our decision in *Rosato* v. *Mascardo,* 82 Conn. App. 396, 844 A.2d 893 (2004), we affirm the judgment of the trial court.

On October 29, 2008, the plaintiff commenced this action with a single count complaint alleging negligence on the part of the defendant. She claimed that she was admitted to the defendant, a public hospital, for treatment of dizziness, low blood pressure, pain in the left arm and an infection of the urinary tract on May 26, 2006. On May 28, 2006, the plaintiff, while sitting on the edge of her hospital bed, became dizzy and fell off the bed. She suffered injuries to her left arm and shoulder. Following that incident, the plaintiff claimed that she had been continually treated by the defendant until she initiated this action. The plaintiff alleged that the defendant was negligent in failing (1) to supervise properly its physicians, agents, employees, contractors and subcontractors, (2) to use a bed alarm, (3) to place sidebars on her bed and (4) to assign staff to monitor the plaintiff while in her bed. The plaintiff also claimed that a nurse, an agent of the defendant, improperly left her unattended in an upright position on the bed. The

only injuries alleged by the plaintiff arose from her fall from the hospital bed on May 28, 2006.

On January 26, 2009, the defendant filed an answer and raised the special defense that the plaintiff's claim was barred by the statute of limitations pursuant to General Statutes § 52-584. On June 10, 2010, the defendant moved for summary judgment, arguing that the plaintiff's action was untimely. Specifically, it contended that the plaintiff discovered the harm on May 28, 2006, and, therefore, was required to commence her action by May 28, 2008. As a result of the plaintiff's failure to do so, the defendant claimed it was entitled to judgment as a matter of law.

On August 6, 2010, the plaintiff filed an objection to the defendant's motion for summary judgment. She argued that the statute of limitations was tolled pursuant to the continuing treatment doctrine[1] and that, therefore, her action was commenced in a timely manner. The plaintiff attached an affidavit stating that following her injury on May 28, 2006, she was "continually treated for [her] injuries from the fall and was continually monitored at [the defendant] throughout the year in 2007." The defendant disagreed that the statute of limitations was tolled for two reasons. First, it argued that the "discovery portion" of § 52-584 cannot be tolled by the continuing treatment doctrine pursuant to this court's decision in *Rosato* v. *Mascardo*, supra, 82 Conn. App. 396. Second, assuming the continuing treatment doctrine could be tolled, the defendant argued that the plaintiff failed to be treated continually by the defendant for the injuries sustained on May 28, 2006.[2]

---

[1] "[T]he policy underlying the continuous treatment doctrine seeks to maintain the physician/patient relationship in the belief that the most efficacious medical care will be obtained when the attending physician remains on a case from onset to cure." (Internal quotation marks omitted.) *Rosato* v. *Mascardo*, supra, 82 Conn. App. 403.

[2] The defendant submitted an affidavit from its director of risk and accreditation, Jeffrey Lemkin, averring that he had reviewed the plaintiff's medical records and that she had not been treated for her injuries of May 28, 2006,

On July 15, 2011, the court issued an order granting the defendant's motion for summary judgment. The court concluded that the plaintiff's tolling argument was foreclosed by *Rosato*. It further determined that the undisputed facts showed that the plaintiff did not continuously receive treatment for the injuries suffered on May 28, 2006. Thus, even if the continuing course of treatment doctrine applied, it failed on its merits. In conclusion, the court stated: "Because [the] plaintiff's complaint was filed five months after the conclusion of the statute of limitations, the defendant's motion for summary judgment is granted."

The dispositive issue in this case is whether the trial court properly concluded that the discovery portion of § 52-584 was not subject to tolling. We agree with the reasoning of the trial court that this case is controlled by our holding and the rationale set forth in *Rosato*, and, therefore, we need not reach the other issue raised by the plaintiff.[3]

"Practice Book § [17-49] requires that judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A material fact is a fact that will make a difference in the result of the case. . . . The facts at issue are those alleged in the pleadings. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to

following her discharge on June 1, 2006. The plaintiff had received medical treatment from the defendant from June 1, 2006, through the end of 2007 for other medical issues, including behavioral health, subsequent falls and sequelae from a postcerebral vascular incident that occurred on October 1, 2005.

[3] The plaintiff also argues that the court should not have considered Lemkin's affidavit.

a judgment as a matter of law. . . . The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. See Practice Book §§ [17-44 and 17-45]. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . . Our review of the trial court's decision to grant a motion for summary judgment is plenary. . . . Summary judgment may be granted where the claim is barred by the statute of limitations. *Doty* v. *Mucci*, 238 Conn. 800, 806, 679 A.2d 945 (1996). *Rosenfield* v. *I. David Marder & Associates, LLC*, 110 Conn. App. 679, 684, 956 A.2d 581 (2008); see also *Sinotte* v. *Waterbury*, 121 Conn. App. 420, 440, 995 A.2d 131 (whether plaintiffs' claims are barred by applicable statutes of limitation presents question of law to which we afford plenary review), cert. denied, 297 Conn. 921, 996 A.2d 1192 (2010)." (Citation omitted; internal quotation marks omitted.) *Mollica* v. *Toohey*, 134 Conn. App. 607, 610–11, 39 A.3d 1202 (2012).

We now turn to the language of § 52-584, which provides in relevant part: "No action to recover damages for injury to the person . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ." In *Mollica* v. *Toohey*, supra, 134 Conn. App. 612, we explained that "this statute imposes two specific time requirements on plaintiffs. The first requirement, referred to as the discovery portion . . . requires a plaintiff to bring an action within two years from the date when the injury is first sustained *or discovered* or in the exercise of reasonable care should have been discovered . . . . The second provides that in no event

shall a plaintiff bring an action more than three years from the date of the act or omission complained of. . . . The three year period specifies the time beyond which an action under § 52-584 is absolutely barred, and the three year period is, therefore, a statute of repose." (Emphasis in original; internal quotation marks omitted.) See *Rosato* v. *Mascardo*, supra, 82 Conn. App. 401–402.

In the present case, the facts are undisputed that the plaintiff became aware of, and thus discovered, her injuries on May 28, 2006, the date of her fall from the bed. "When applying § 52-584 to determine whether an action was timely commenced, this court has held that an injury occurs when a party suffers some form of actionable harm. . . . Actionable harm occurs when the plaintiff discovers . . . that he or she has been injured and that the defendant's conduct caused such injury. . . . The statute begins to run when the plaintiff discovers some form of actionable harm, not the fullest manifestation thereof. . . . The focus is on the plaintiff's knowledge of facts, rather than on discovery of applicable legal theories." (Internal quotation marks omitted.) Id., 404–405; *Mollica* v. *Toohey*, supra, 134 Conn. App. 613. In *Rosato* v. *Mascardo*, supra, 82 Conn. App. 405, we expressly stated that the continuing treatment doctrine did not apply to the discovery portion of § 52-584. "Once the plaintiff has discovered her injury, the statute begins to run." Id. Because the statute is not tolled, the plaintiff was required to commence her action by May 28, 2008, in order to comply with the statute of limitations. See General Statutes § 52-584. The undisputed facts reveal that she did not serve the defendant with a summons and complaint until October 29, 2008. Her action, therefore, was untimely by approximately five months, and the court properly granted the defendant's motion for summary judgment.

The judgment is affirmed.