******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## DELORES PEEK *v.* MANCHESTER MEMORIAL HOSPITAL ET AL.
### (AC 41298)

Alvord, Moll and Bear, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendants for negligence for injuries she sustained while admitted to the defendant hospital. On February 10, 2015, while she was placed on fall prevention protocol, which required that she have assistance to leave her hospital bed, the plaintiff fell while using a restroom and sustained certain injuries. Thereafter, on April 6, 2015, the plaintiff was informed that a nurse or nurse's aide should have been responsible for her safety while at the defendant hospital. In November, 2016, the plaintiff received an automatic ninety day extension of the statute of limitations and delivered the action to the state marshal for service of process on May 22, 2017. The trial court granted a motion for summary judgment filed by the defendants and found that because the plaintiff suffered actionable harm on February 10, 2015, she should have brought the action, with the ninety day extension, on or before May 10, 2017, and that the action was barred by the applicable statute of limitations (§ 52-584). On appeal, the plaintiff claimed that the trial court improperly determined that her action was barred by § 52-584. *Held*:

1. The plaintiff could not prevail on her claim that the statute of limitations was tolled by the continuous course of treatment doctrine; the continuous course of treatment doctrine applies only to the repose portion of § 52-584 and not to the discovery portion, which addresses the plaintiff's knowledge of the injury and not the defendant's act or omission, and because the plaintiff commenced her action within three years of the act or omission complained of, her action was not barred by the repose portion, and the continuing course of treatment doctrine was not applicable under the circumstances of this case.

2. The trial court improperly granted the defendants' motion for summary judgment on the ground that the plaintiff's action was time barred, as the evidence before the court, viewed in the light most favorable to the plaintiff as the nonmoving party, demonstrated a genuine issue of material fact as to when the plaintiff discovered her injury as contemplated by § 52-584; the plaintiff adequately countered the defendants' motion for summary judgement with admissible evidence demonstrating that it was not until April 6, 2015, that she was informed that a nurse or nurse's aide should have been responsible for her safety and, thus, there existed a genuine issue of material fact as to when the plaintiff discovered the alleged breach of a duty by the defendants and a causal relationship between the defendants' alleged breach of duty and the resulting harm to her, and the plaintiff did not sustain an injury for purposes of § 52-584 until she had knowledge or in the exercise of reasonable care should have had knowledge of sufficient facts to bring a cause of action against the defendants.

Argued March 5—officially released October 1, 2019

*Procedural History*

Action to recover damages for, inter alia, the defendants' alleged negligence, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Cobb, J.*, granted the defendants' motion for summary judgment and rendered judgment thereon, from which the plaintiff appealed. *Reversed; further proceedings.*

*Neil Johnson*, for the appellant (plaintiff).

*Gretchen G. Randall*, with whom, on the brief, was

*Emily McDonough Souza,* for the appellees (defendants).

*Opinion*

ALVORD, J. The plaintiff, Delores Peek, appeals from the summary judgment rendered in favor of the defendants, Manchester Memorial Hospital and Prospect Medical Holdings, Inc. On appeal, the plaintiff claims that the court improperly determined that her action was barred by the statute of limitations in General Statutes § 52-584.[1] Because we conclude that the evidence before the trial court demonstrated a genuine issue of material fact as to when the plaintiff discovered her injury as contemplated by § 52-584, we reverse the judgment of the trial court.

The record, viewed in the light most favorable to the plaintiff as the nonmoving party, reveals the following relevant facts and procedural history. On January 30, 2015, the plaintiff was admitted to Manchester Memorial Hospital with a medical diagnosis of C-Diff diarrhea. On or about that date, she was assessed at the hospital and found to be at risk for falling. She was placed on "fall prevention protocol" and required assistance to leave her hospital bed. On February 10, 2015, the plaintiff fell while using the restroom and sustained injuries to her shoulder and neck, for which she received medication and treatment. She "was unaware," on the date of her fall, "what was the cause of [her] fall." The plaintiff left the hospital on February 12, 2015, and received follow up care through December 10, 2015, on which date she underwent neck surgery.[2] On or about April 6, 2015, staff at the office of the plaintiff's doctor informed the plaintiff that "a nurse or nurse's aide should have been responsible for [her] safety while inpatient at [the defendants' hospital]."

On November 22, 2016, the plaintiff received an automatic ninety day extension of the statute of limitations pursuant to General Statutes § 52-190a (b).[3] The plaintiff delivered the action to the state marshal for service of process on May 22, 2017. In her one count complaint, the plaintiff alleges that her fall resulted from the defendants' negligence in "fail[ing] to exercise the degree of care, skill, and diligence ordinarily exercised by hospitals engaged in the treat[ment] of patients . . . on . . . fall prevention protocol . . . ." On July 26, 2017, the defendants filed an answer and a special defense alleging that the plaintiff's claim was barred by the statute of limitations in § 52-584. On July 31, 2017, the plaintiff filed her reply to the special defense, stating therein: "The plaintiff . . . denies any and all allegations of the defendants' special defense in its entirety, the plaintiff was inpatient for the stay subject of the plaintiff's complaint until February 28, 2015."[4]

On September 13, 2017, the defendants filed a motion for summary judgment, maintaining that the plaintiff's action was barred by the statute of limitations in § 52-584. The documents submitted with the defendants'

motion and memorandum of law in support of their motion were the plaintiff's certificate of good faith pursuant to § 52-190a and attached written opinion letter, the plaintiff's request for an extension of the statute of limitations, the state marshal's return of service, the defendants' answer and special defense, and the plaintiff's reply thereto.

On December 29, 2017, the plaintiff objected to the motion for summary judgment, arguing that her action was timely because the statute of limitations was tolled under the continuous course of treatment doctrine. She also maintained that the statute of limitations did not begin running until April 6, 2015, on which date she claimed that she "learned that she was on fall risk protocol and that while on fall risk protocol that the hospital was required to provide her assistance whenever she left her bed." She argued that she "was not aware that the defendants' conduct or lack thereof was the cause of her injury until she was informed by the defendant provider on or about April 6, 2015." The plaintiff attached to her opposition memorandum her affidavit averring that she "was unaware," on the date of her fall, "what was the cause of [her] fall." She further averred that staff at her doctor's office informed her on April 6, 2015, that "a nurse or nurse's aide should have been responsible for [her] safety while inpatient at [the defendants' hospital]." The defendants did not file a reply memorandum.

On January 2, 2018, the court granted the defendants' motion for summary judgment, stating that "the plaintiff did not place the action in the hands of the marshal until May 22, 2017. Because the plaintiff suffered actionable harm—the fall and injuries—on February 10, 2015, she should have brought the action on or before February 10, 2017. Having received a ninety day extension . . . the suit should have been initiated on or before May 10, 2017. Having failed to initiate this action within the applicable statute of limitations, the action is time barred." This appeal followed.

On appeal, the plaintiff claims that the court improperly determined that her action was barred by the statute of limitations in § 52-584. She argues that the statute of limitations was tolled by the continuous course of treatment doctrine[5] and, thus, the statute did not begin running until December 10, 2015, on which date she underwent neck surgery. In the alternative, she argues that actionable harm did not occur until April 6, 2015, on which date she claims that she learned that the defendants' negligence had caused her injury. We disagree that the statute of limitations was tolled by the continuing course of treatment doctrine. As to the plaintiff's alternative argument, however, we conclude that she demonstrated the existence of a genuine issue of material fact as to when she discovered her injury.

We begin by setting forth the applicable standard of

review. "Practice Book § [17-49] requires that judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A material fact is a fact that will make a difference in the result of the case. . . . The facts at issue are those alleged in the pleadings. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . . The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. See Practice Book §§ [17-44 and 17-45]. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . . Our review of the trial court's decision to grant a motion for summary judgment is plenary. . . . Summary judgment may be granted where the claim is barred by the statute of limitations." (Internal quotation marks omitted.) *Wojtkiewicz* v. *Middlesex Hospital*, 141 Conn. App. 282, 285–86, 60 A.3d 1028, cert. denied, 308 Conn. 949, 67 A.3d 291 (2013).

We next review the law governing the statute of limitations. Section 52-584 provides in relevant part: "No action to recover damages for injury to the person . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ." This court has explained that "this statute imposes two specific time requirements on plaintiffs. The first requirement, referred to as the discovery portion . . . requires a plaintiff to bring an action within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered . . . . The second provides that in no event shall a plaintiff bring an action more than three years from the date of the act or omission complained of. . . . The three year period specifies the time beyond which an action under § 52-584 is absolutely barred, and the three year period is, therefore, a statute of repose." (Emphasis omitted; internal quotation marks omitted.) *Wojtkiewicz* v. *Middlesex Hospital*, supra, 141 Conn. App. 286–87.

Turning to the plaintiff's arguments, we first reject her contention that the statute of limitations was tolled by the continuous course of treatment doctrine. This court has held that that doctrine does not apply to the discovery portion of § 52-584. Id.; *Rosato* v. *Mascardo*, 82 Conn. App. 396, 405, 844 A.2d 893 (2004). The contin-

uous course of treatment doctrine applies "only to the repose portion of the statute and not to the discovery portion. The discovery portion addresses the plaintiff's knowledge of the injury and not the defendant's act or omission.[6] Once the plaintiff has discovered her injury, the statute begins to run. Moreover, after the discovery of actionable harm, the policy behind [the] doctrine, that is, the preservation of a continuing physician-patient relationship to remedy the created harm, is no longer served." (Footnote added.) *Rosato* v. *Mascardo*, supra, 405. In the present case, the plaintiff commenced her action within three years of the "act or omission complained of"; General Statutes § 52-584; and, therefore, her action was not barred by the repose portion of § 52-584. Accordingly, the continuing course of treatment doctrine is not applicable under the circumstances of this case. The only remaining issue for our consideration in this appeal is whether the plaintiff's action is time barred under the discovery portion of the statute.

The plaintiff argues that she submitted evidence in opposition to the defendants' motion for summary judgment that shows that she did not discover her "injury" for purposes of § 52-584 until April 6, 2015. She argues that actionable harm occurred on April 6 when she learned that the defendants' negligence had caused her injury. We conclude that the plaintiff provided an evidentiary foundation to demonstrate the existence of a genuine issue of material fact.

"The limitation period for actions in negligence begins to run on the date when the injury is first discovered or in the exercise of reasonable care should have been discovered. . . . In this regard, the term 'injury' is synonymous with 'legal injury' or 'actionable harm.' 'Actionable harm' occurs when the plaintiff discovers, or in the exercise of reasonable care, should have discovered the essential elements of a cause of action. . . . A breach of duty by the defendant and a causal connection between the defendant's breach of duty and the resulting harm to the plaintiff are essential elements of a cause of action in negligence; they are therefore necessary ingredients for ' "actionable harm." ' . . . Furthermore, 'actionable harm' may occur when the plaintiff has knowledge of facts that would put a reasonable person on notice of the nature and extent of an injury, and that the injury was caused by the negligent conduct of another. . . . In this regard, the harm complained of need not have reached its fullest manifestation in order for the limitation period to begin to run; a party need only have suffered some form of ' "actionable harm." ' " (Citations omitted.) *Lagassey* v. *State*, 268 Conn. 723, 748–49, 846 A.2d 831 (2004); see also *Kelly* v. *University of Connecticut Health Center*, 290 Conn. 245, 253–54, 963 A.2d 1 (2009). In determining when a plaintiff has suffered actionable harm, "[t]he focus is on the plaintiff's knowledge of facts, rather than on discovery of applicable legal theories." (Internal

quotation marks omitted.) *Taylor* v. *Winsted Memorial Hospital*, 262 Conn. 797, 805, 817 A.2d 619 (2003).

With respect to the essential element of causation, "[a]ctionable harm does not occur until the plaintiff discovers or should have discovered that the harm complained of *was caused by the negligence of the defendant.*" (Emphasis in original.) *Lagassey* v. *State*, supra, 268 Conn. 747; see also *Catz* v. *Rubenstein*, 201 Conn. 39, 44, 49, 513 A.2d 98 (1986) (plaintiffs' decedent did not have an "injury" as contemplated by § 52-584 until she discovered, or in exercise of reasonable care should have discovered, causal relationship between defendant's alleged negligent diagnosis and metastasis of cancer [internal quotation marks omitted]).[7]

With those principles in mind, we review the record in the present case. The limited materials submitted in support of the defendants' motion for summary judgment established that the plaintiff fell on February 10, 2015, and that, on that date, she knew that she fell and sustained physical injuries.

In support of her opposition to the defendants' motion for summary judgment, the plaintiff submitted an affidavit in which she averred that she "was unaware," on the date of her fall, "what was the cause of [her] fall." She further averred that staff at her doctor's office informed her on April 6, 2015, that "a nurse or nurse's aide should have been responsible for [her] safety while inpatient at [the defendants' hospital]." Thus, we conclude that the plaintiff adequately countered the defendants' motion with admissible evidence demonstrating a genuine issue of material fact as to when she discovered her "injury" as contemplated by § 52-584. According to the plaintiff's evidence, it was not until April 6, 2015, that she was informed that a nurse or nurse's aide should have been responsible for her safety. Thus, there existed a genuine issue of material fact as to when the plaintiff discovered the alleged breach of a duty by the defendants and a causal relationship between the defendants' alleged breach of duty and the resulting harm to the plaintiff.

The defendants argue: "That [the] plaintiff may not have been conscious of the fact that she was on fall risk protocol, such that [the] defendants' 'responsibility for fall prevention was heightened to the point of requiring physical assistance for any such patient leaving the bed,' until April 6, 2015, speaks solely to an applicable *legal* theory because it implicates an enhanced legal duty of care on the part of [the] defendants." (Emphasis in original.) We disagree. "[T]he limitation period in § 52-584 does not begin to run until a plaintiff has knowledge or in the exercise of reasonable care should have had knowledge of sufficient facts to bring a cause of action against a defendant, which, in turn, requires that a plaintiff is or should have been aware that he or she has an injury that was caused by the negligence of

the defendant." (Emphasis omitted.) *Lagassey* v. *State*, supra, 268 Conn. 743–44; see also *Catz* v. *Rubenstein*, supra, 201 Conn. 44 ("A breach of duty by the defendant and a causal connection between the defendant's breach of duty and the resulting harm to the plaintiff are essential elements of a cause of action in negligence. . . . They are therefore necessary ingredients for 'actionable harm.'" [Citations omitted.]). Thus, the plaintiff did not sustain an "injury" for purposes of § 52-584 until she had knowledge or in the exercise of reasonable care should have had knowledge of sufficient facts to bring a cause of action against the defendants, including knowledge of facts that the defendants breached a duty owed to her and the causal nexus between that breach and the resulting harm. Because the evidence before the court, viewed in the light most favorable to the plaintiff, demonstrated a genuine issue of material fact as to when the plaintiff discovered her injury as contemplated by § 52-584, the court erred in granting the defendants' motion for summary judgment on the basis that the plaintiff's action was time barred.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.

[1] The defendants argue that the plaintiff inadequately briefed and thus abandoned and waived her claim. Although the plaintiff's briefing is extremely minimal, the briefing is adequate for review of her claim.

[2] We note that although the plaintiff's affidavit submitted in opposition to the defendants' motion for summary judgment states that she received continuing treatment until her "neck surgery on December 10, 2015, at the defendants' Rockville General Hospital," Rockville General Hospital is not named as a defendant in the present action. The defendants, however, conceded at oral argument before this court that they have an affiliation with Rockville General Hospital.

[3] General Statutes § 52-190a (b) provides in relevant part: "Upon petition to the clerk of the court where the civil action will be filed to recover damages resulting from personal injury or wrongful death, an automatic ninety-day extension of the statute of limitations shall be granted . . . ."

[4] In her reply, the plaintiff did not specifically plead the continuous course of treatment doctrine. The defendants do not argue that the plaintiff's failure to plead the continuous course of treatment doctrine prevents review and, therefore, we do not address any pleading deficiency.

[5] "[T]he statute of limitations, in the proper circumstances, may be tolled under the continuous treatment . . . doctrine, thereby allowing a plaintiff to commence his or her lawsuit at a later date. . . . As a general rule, [t]he [s]tatute of [l]imitations begins to run when the breach of duty occurs. When the injury is complete at the time of the act, the statutory period commences to run at that time. When, however, the injurious consequences arise from a course of treatment, the statute does not begin to run until the treatment is terminated. . . . So long as the relation of physician and patient continues as to the particular injury or malady which [the physician] is employed to cure, and the physician continues to attend and examine the patient in relation thereto, and there is something more to be done by the physician in order to effect a cure, it cannot be said that the treatment has ceased. That does not mean that there must be a formal discharge of the physician or any formal termination of his [or her] employment. If there is nothing more to be done by the physician as to the particular injury or malady which he [or she] was employed to treat or if he [or she] ceases to attend the patient therefor, the treatment ordinarily ceases without any formality. . . .

"The continuous treatment doctrine has been justified on a number of public policy grounds. First . . . [i]t may be impossible to pinpoint the exact date of a particular negligent act or omission that caused injury during a course of treatment. . . . In such cases, it is appropriate to allow the course of treatment to terminate before allowing the repose section of the

statute of limitations to run, rather than having the parties speculate and quarrel over the date on which the act or omission occurred that caused the injury during a course of treatment. . . . Second . . . public policy favors maintain[ing] the physician/patient relationship in the belief that the most efficacious medical care will be obtained when the attending physician remains on a case from onset to cure." (Citations omitted; internal quotation marks omitted.) *Grey* v. *Stamford Health System, Inc.*, 282 Conn. 745, 751–52, 924 A.2d 831 (2007).

"As [our Supreme Court has] indicated, to establish the elements of the continuing course of treatment doctrine, a plaintiff is required to prove: (1) that he or she had an identified medical condition that required ongoing treatment or monitoring; (2) that the defendant provided ongoing treatment or monitoring of that medical condition after the allegedly negligent conduct, or that the plaintiff reasonably could have anticipated that the defendant would do so; and (3) that the plaintiff brought the action within the appropriate statutory period after the date that treatment terminated." (Internal quotation marks omitted.) *Cefaratti* v. *Aranow*, 321 Conn. 637, 646–47, 138 A.3d 837 (2016).

[6] Our Supreme Court has explained: "Unlike the two year limitation section of § 52-584, the repose portion of § 52-584 which provides that no action may be brought more than three years from the date of the act or omission complained of bars the bringing of suit more than three years after the alleged negligent conduct of a defendant regardless of when a plaintiff discovers the proximate cause of his harm or any other essential element of a negligence cause of action." (Internal quotation marks omitted.) *Barrett* v. *Montesano*, 269 Conn. 787, 793, 849 A.2d 839 (2004); see also *Lagassey* v. *State*, 268 Conn. 723, 752, 846 A.2d 831 (2004) (limiting its holding to principle that trial court improperly concluded as matter of law that plaintiff failed to exercise reasonable care in discovering injury, and noting that in absence of "exceptional circumstances," including where repose provision is tolled by continuous course of conduct doctrine, three year repose provision of § 52-584 will prevent plaintiff from unduly delaying cause of action for more than three years from negligent act complained of).

[7] We also note that "the determination of when a plaintiff in the exercise of reasonable care should have discovered 'actionable harm' is ordinarily a question reserved for the trier of fact." *Tarnowsky* v. *Socci*, 271 Conn. 284, 288, 856 A.2d 408 (2004); *Lagassey* v. *State*, supra, 268 Conn. 749; see also *Taylor* v. *Winsted Memorial Hospital*, supra, 262 Conn. 810 ("because the determination of reasonable care is a question of fact, it was up to the jury to determine whether the plaintiff exercised reasonable care in the discovery of his injury"); *Jackson* v. *Tohan*, 113 Conn. App. 782, 790, 967 A.2d 634 (reversing summary judgment where question of whether plaintiff exercised reasonable care in discovery of her injury was question of fact not properly decided on summary judgment), cert. denied, 292 Conn. 908, 973 A.2d 104 (2009).