******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

DIANA PASCOLA-MILTON *v.*
LEROY MILLARD ET AL.
(AC 43011)

Prescott, Cradle and DiPentima, Js.

*Syllabus*

The plaintiff D sought to recover damages from the defendant L Co., her insurer, for underinsured motorist benefits, and from the defendant M, for M's alleged negligence in connection with a motor vehicle accident involving D. D's husband, C, joined the action as a party plaintiff more than two years after D commenced the action. D entered into a voluntary arbitration agreement with L Co., and, after an evidentiary hearing, the arbitrator awarded D a certain amount of damages in underinsured motorist benefits. D filed a demand for a trial de novo with the trial court, which was denied. Additionally, M moved for summary judgment on C's claims against him on the ground that they were barred by the two year statute of limitations (§ 52-584) for negligence claims. The trial court granted M's motion for summary judgment. D and C filed a joint appeal to this court challenging the trial court's denial of D's demand for a trial de novo and the judgment for M on C's complaint. *Held*:

1. The trial court did not err in denying D's demand for a trial de novo following the arbitrator's decision on her claims against L Co., as the parties entered into a voluntary arbitration; the trial court determined that the submission was voluntary and unrestricted, and, because D voluntarily submitted her claims against L Co. to arbitration, any review of the arbitrator's decision was governed by a statute (§ 52-418) under which there was no right to a trial de novo, and the legal authority pursuant to which D argued that she had an absolute right to a trial de novo pertained to compulsory, not voluntary, arbitration.

2. The trial court did not err in rendering summary judgment in favor of M on the ground that C's claims were barred by the two year statute of limitations in § 52-584 because C suffered actionable harm on the date of the accident and he did not file his complaint against M within two years from that date; in arguing that his claims were not subject to the two year statute of limitations in § 52-584, but rather the three year statute of repose under § 52-584, C baldly asserted that he did not discover any actionable harm until two years after the accident, which was belied by C's allegation that he arrived at the scene of the accident shortly after it occurred and suffered shock viewing D's condition and the condition of the car, and it could not reasonably be disputed that any alleged injury to C was first sustained on the date of the accident when he first observed D's injuries.

Argued November 17, 2020—officially released March 9, 2021

*Procedural History*

Action to recover damages for personal injuries sustained as a result of, inter alia, the named defendant's alleged negligence, and for other relief, brought to the Superior Court in the judicial district of Litchfield, where the matter was transferred to the judicial district of Danbury; thereafter, the court, *Shaban, J.*, granted the motion of Clive Milton to be made a party plaintiff; subsequently, the named plaintiff withdrew her action as to the named defendant; thereafter, the named plaintiff withdrew her action as to the defendant Liberty Mutual Fire Insurance Company; subsequently, the court, *D'Andrea, J.*, denied the named plaintiff's demand for a trial de novo; thereafter, the court, *D'Andrea, J.*, granted the named defendant's motion for summary judgment as to the plaintiff Clive Milton and ren-

dered judgment thereon, and the plaintiffs filed a joint appeal to this court. *Affirmed.*

*Diana Michele Pascola-Milton*, self-represented, the appellant (plaintiff).

*Clive Milton*, self-represented, the appellant (plaintiff).

*John W. Cannavino*, *Jr.*, for the appellee (named defendant).

*Bryan J. Haas*, for the appellee (defendant Liberty Mutual Fire Insurance Company).

*Opinion*

CRADLE, J. In this case arising from a motor vehicle accident between the plaintiff Diana Pascola-Milton and the named defendant, Leroy Millard, Pascola-Milton appeals from the judgment of the trial court denying her demand for a trial de novo following an arbitration award in her favor against her insurer, the defendant Liberty Mutual Fire Insurance Company (Liberty), for underinsured motorist benefits. Pascola-Milton argues that she has an absolute right to a trial de novo.[1] Clive Milton, Pascola-Milton's husband and coplaintiff, appeals from the summary judgment rendered in favor of Millard on Milton's derivative claims for loss of consortium, bystander emotional distress and negligent infliction of emotional distress.[2] Milton claims that the court erred in rendering summary judgment in favor of Millard on the ground that those claims were barred by the applicable statute of limitations because Milton's complaint was filed more than two years after the motor vehicle accident. We affirm the judgment of the trial court.

The following procedural history is relevant to this appeal. On November 29, 2014, Pascola-Milton was injured in a two car motor vehicle accident involving Millard. On July 6, 2016, she commenced this action, asserting a negligence claim against Millard, and a claim for underinsured motorist benefits against Liberty.

On October 17, 2017, Milton filed a motion to join this action as a party plaintiff, and that motion was granted on November 30, 2017. In his operative complaint, Milton asserted claims for loss of consortium, bystander emotional distress, and negligent infliction of emotional distress against Millard. He also asserted, inter alia, claims for loss of consortium and bystander emotional distress against Liberty, in addition to claims for intentional infliction of emotional distress, underinsured motorist benefits, violations of the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38a-815 et seq., and the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.[3]

On March 16, 2018, Pascola-Milton withdrew her action as to Millard after he accepted her offer of compromise. On August 20, 2018, she entered into a voluntary arbitration agreement with Liberty. An evidentiary hearing was held before the arbitrator on January 3, 2019, and Pascola-Milton withdrew her complaint against Liberty on January 14, 2019. On January 30, 2019, the arbitrator issued a decision awarding Pascola-Milton $72,635 in damages.

On February 11, 2019, Pascola-Milton filed a demand for a trial de novo, which stated: "Pursuant to [Practice Book] [§] 23-66 (c) . . . [and General Statutes §§] 52-549z and 52-549aa . . . [Pascola-Milton] hereby

appeals from the arbitrator's decision and claims the matter for a trial de novo in accordance with the rules." On March 21, 2019, the trial court, *D'Andrea, J.*, denied her demand, finding that there was no statutory right to a trial de novo on an unrestricted voluntary submission to arbitration. On April 5, 2019, Pascola-Milton filed a motion to reargue and for reconsideration of the court's denial of her demand for a trial de novo. On April 29, 2019, the court, *Krumeich, J.*, denied Pascola-Milton's motion.

Meanwhile, on January 9, 2019, Millard moved for summary judgment on Milton's claims against him on the ground that those claims were barred by the two year statute of limitations set forth in General Statues § 52-584. After Milton timely objected and the court, *D'Andrea, J.*, heard oral argument from the parties, the court issued a memorandum of decision dated April 22, 2019, granting Millard's motion for summary judgment on all of the counts directed against him in Milton's complaint on the ground that Milton's claims were barred by the statute of limitations.

On June 3, 2019, Pascola-Milton and Milton filed this joint appeal challenging the denial of Pascola-Milton's demand for a trial de novo and the judgment for Millard on Milton's complaint.

I

Pascola-Milton claims that the trial court erred in denying her demand for a trial de novo following the arbitrator's decision on her claims against Liberty. Pascola-Milton argues that she had an "absolute right" to a trial de novo. We disagree.

In addressing Pascola-Milton's demand for a trial de novo, the trial court set forth the following additional relevant facts. "On February 11, 2019 . . . Pascola-Milton filed the present motion for a demand for trial de novo. [Pascola-Milton's] motion alleges that pursuant to Practice Book § 23-66 (c) . . . and . . . §§ 52-549z and 52-549aa, [she] is appealing the arbitrator's decision and requests the court schedule a trial de novo. By way of background, [Pascola-Milton] and [Liberty] executed a voluntary submission entitled 'Arbitration Agreement' (agreement) in August, 2018. In the opening paragraph of the agreement, it states: '[T]he parties agree to submit all claims to a final and binding arbitration before Attorney Richard Mahoney as arbitrator.' The agreement further states: '11. The parties agree that the arbiter will be asked to determine liability and fair, just and reasonable damages . . . . 13. The Arbitrator shall resolve all differences and disputes between the parties . . . . [And finally] 17. The award shall be final, binding and not subject to review or appeal, except as provided by Connecticut Arbitration Statutes.' "

The court denied Pascola-Milton's demand for a trial de novo, reasoning: "In the present matter, if the agree-

ment was not subject to compulsory arbitration, but was a voluntary submission, a trial de novo is not warranted. The demand for trial de novo can only be made if the arbitration was compulsory pursuant to General Statutes § 52-549u. Based on the foregoing, the court finds that this agreement was clearly an unrestricted voluntary submission, and thus, not subject to an ability to seek a trial de novo. There is clearly no provision in § 52-549u that allows for a trial de novo for a voluntary submission to arbitration."

Pascola-Milton argues that she had an absolute right to a trial de novo following the arbitrator's decision on her claims against Liberty. The standard of review for arbitration awards is determined by whether the arbitration was compulsory or voluntary. "Where the parties have voluntarily and contractually agreed to submit to arbitration and have delineated the powers of the arbitrator through their submission, then the scope of judicial review of the award is limited by the terms of the parties' agreement and by the provisions of General Statutes § 52-418. . . . Thus, in determining whether an arbitrator has exceeded his authority or improperly executed the same under § 52-418 (a), the courts need only examine the submission and the award to determine whether the award conforms to the submission. . . . Under an unrestricted submission, the arbitrators' decision is considered final and binding; thus the courts will not review the evidence considered by the arbitrators nor will they review the award for errors of law or fact. . . .

"Such a limited scope of judicial review is warranted given the fact that the parties voluntarily bargained for the decision of the arbitrator and, as such, the parties are presumed to have assumed the risks of and waived objections to that decision. . . . It is clear that a party cannot object to an award which accomplishes precisely what the [arbitrator was] authorized to do merely because that party dislikes the results. . . . Thus . . . the parties should be bound by a decision that they contracted and bargained for, even if it is regarded as unwise or wrong on the merits." (Citations omitted.) *American Universal Ins. Co.* v. *DelGreco*, 205 Conn. 178, 185–87, 530 A.2d 171 (1987).

Here, the trial court determined that the submission in this case was voluntary and unrestricted. Pascola-Milton has not challenged that determination, nor could she reasonably do so because, as noted by the trial court, the parties voluntarily contracted to submit their issues to arbitration, and the arbitration agreement provided, inter alia, that the arbitrator would resolve all differences and disputes between them. The legal authority pursuant to which Pascola-Milton argues that she had an absolute right to a trial de novo, specifically § 52-549z and Practice Book § 23-66 (c), pertains to compulsory arbitration, not voluntary arbitration.

Because Pascola-Milton voluntarily submitted her claims against Liberty to arbitration, any review of the arbitrator's decision is governed by § 52-418, under which there is no right to a trial de novo. Accordingly, Pascola-Milton's challenge to the denial of her demand for a trial de novo is unavailing.

## II

Milton claims that the court erred in rendering summary judgment in favor of Millard on the ground that his claims are barred by the two year statute of limitations set forth in § 52-584. He contends that his claims are subject to the three year statute of repose contained in § 52-584. We disagree.[4]

Our review of a trial court's decision granting a motion for summary judgment is well established. "Practice Book § [17-49] requires that judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A material fact is a fact that will make a difference in the result of the case. . . . The facts at issue are those alleged in the pleadings. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . . The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. See Practice Book §§ [17-44 and 17-45]. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . . Our review of the trial court's decision to grant a motion for summary judgment is plenary. . . .

"Summary judgment may be granted where the claim is barred by the statute of limitations." (Internal quotation marks omitted.) *Wojtkiewicz* v. *Middlesex Hospital*, 141 Conn. App. 282, 285–86, 60 A.3d 1028, cert. denied, 308 Conn. 949, 67 A.3d 291 (2013). "The determination of which, if any, statute of limitations applies to a given action is a question of law over which our review is plenary." *Government Employees Ins. Co.* v. *Barros*, 184 Conn. App. 395, 398, 195 A.3d 431 (2018).

Here, the trial court held that the two year limitation set forth in § 52-584 applied to Milton's claims against Millard.[5] Section 52-584 provides in relevant part: "No action to recover damages for injury to the person . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omis-

sion complained of . . . .”

This court has explained that “this statute imposes two specific time requirements on plaintiffs. The first requirement, referred to as the discovery portion . . . requires a plaintiff to bring an action within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered . . . . The second provides that in no event shall a plaintiff bring an action more than three years from the date of the act or omission complained of. . . . The three year period specifies the time beyond which an action under § 52-584 is absolutely barred, and the three year period is, therefore, a statute of repose.” (Emphasis omitted; internal quotation marks omitted.) *Wojtkiewicz* v. *Middlesex Hospital*, supra, 141 Conn. App. 286–87. “When applying § 52-584 to determine whether an action was timely commenced, this court has held that an injury occurs when a party suffers some form of actionable harm. . . . Actionable harm occurs when the plaintiff discovers . . . that he or she has been injured and that the defendant’s conduct caused such injury. . . . The statute begins to run when the plaintiff discovers some form of actionable harm, not the fullest manifestation thereof. . . . The focus is on the plaintiff’s knowledge of facts, rather than on discovery of applicable legal theories.” (Internal quotation marks omitted.) Id., 287.

Here, the facts pertaining to the statute of limitations are undisputed. The motor vehicle accident that caused Pascola-Milton’s injuries, and from which Milton’s alleged injuries are derived, occurred on November 29, 2014. Although Pascola-Milton commenced this action in July, 2016, within two years of the date of the accident in this case, Milton did not seek to join it until October, 2017, beyond that two year time period. Milton argues that his claims are not subject to the two year statute of limitations set forth in § 52-584, but, rather, that they are governed by the three year statute of repose set forth in that statute.[6] In support of this contention, Milton baldly asserts that “in the exercise of reasonable care, [he] did not discover, was unable to determine if he had actionable harm until two years after the underlying case bodily injury claim by his wife.” This assertion is belied by Milton’s allegation that he arrived at the scene of Pascola-Milton’s accident shortly after it occurred, and “suffered shock viewing his wife’s condition and the condition of the car, which he photographed before it was altered in any way.” Milton’s claims against Millard stem from allegations of Millard’s negligent or reckless conduct that caused the accident with Pascola-Milton and derive from the personal injury sustained by Pascola-Milton. It, therefore, cannot reasonably be disputed that any alleged injury to Milton was first sustained on the date of the accident, when he first observed his wife’s injuries. Because Milton suffered actionable harm on the date of the accident,

and he did not file his complaint against Millard within two years from that date, his claims are barred by the statute of limitations. Accordingly, we conclude that the court properly rendered summary judgment in favor of Millard on Milton's claims against him.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] In February, 2019, Pascola-Milton commenced a separate action by filing an application to vacate the arbitration award, which the trial court, *Krumeich, J.*, denied on May 16, 2019. See *Pascola-Milton* v. *Liberty Mutual Fire Ins. Co.*, Superior Court, judicial district of Danbury, Docket No. CV-19-6030164-S. In that action, she sought to subpoena the arbitrator for a hearing, but Judge Krumeich denied her request. In this appeal, she appears to challenge rulings issued in that action when she claims that the trial court erred in denying (1) her motion to vacate the arbitration award, (2) her request to enter the arbitrator's decision into evidence, and (3) her request to subpoena the arbitrator. Because those rulings were not issued in this case, Pascola-Milton's claims challenging them are not reviewable in this appeal.

[2] Milton also asserted claims against Liberty, including claims for underinsured motorist benefits, and violations of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq., and the Connecticut Unfair Insurance Practices Act, General Statutes § 38a-815 et seq. On January 17, 2019, Liberty moved for summary judgment on the ground that, because Milton's claims against Millard were time barred, so too were his claims against Liberty. On June 10, 2019, the court, *Krumeich, J.*, issued a memorandum of decision granting Liberty's motion for summary judgment. The plaintiffs filed a joint amended appeal form challenging that judgment, but the appellate clerk returned that filing as defective because it was e-filed using an incorrect document type or path. Milton never filed a corrected amended appeal form challenging the June 10, 2019 judgment for Liberty, as required by Practice Book § 61-9. Because Milton failed to amend this appeal to challenge Judge Krumeich's ruling granting summary judgment for Liberty, his claim challenging that judgment is unreviewable. See *Jewett* v. *Jewett*, 265 Conn. 669, 673 n.4, 830 A.2d 193 (2003) (declining to review defendant's claim challenging trial court's postjudgment order because defendant did not file amended appeal as required by Practice Book § 61-9); *Brown* v. *Brown*, 190 Conn. 345, 350–51, 460 A.2d 1287 (1983).

[3] Milton also asserted CUIPA and CUTPA claims against Millard's insurer, Government Employees Insurance Company (GEICO). GEICO did not file an appearance in this action. Milton did not move to default GEICO for its failure to appear, and there has been no judgment entered as to Milton's claims against GEICO. Accordingly, Milton's claims against GEICO are not before us in this appeal.

[4] Milton also argues that the court erred in granting summary judgment because it had previously denied "motions to dismiss and motions to strike" in which the defendants made "exactly the same argument" regarding the two year statute of limitations. It is not clear from Milton's brief whether he is referring to the summary judgment rendered in favor of Millard or Liberty. Milton has not provided any citations to the record in support of this argument. Our review of the record reveals that Milton's claim is factually inaccurate. Additionally, Milton has provided scant analysis, and no legal authority, in support of this argument, other than a reference to "res ipsa loquitur," which is clearly inapplicable to this action.

[5] In opposition to Millard's summary judgment, Milton also argued that his claims against Millard were governed by General Statutes § 52-577, which provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." The trial court rejected that argument and Milton has not resuscitated it on appeal.

[6] Milton also seems to argue that his claims against Millard are governed by the three year statute of limitations set forth in General Statutes § 38a-336. Because that statute pertains to actions against insurance companies for uninsured and underinsured motorist coverage, it is inapplicable to Milton's claims against Millard.